## (October 21, 1975)

■ JAMES F. CLARKE, Appellant, v ALLAN NADEL, BERLES CARTON CO. INC. et al., Respondents.—In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered November 27, 1973 in favor of defendants, upon a jury verdict after a trial on the issue of liability only. Case remanded to the trial court for (1) a hearing before said court on the issue whether the legend on the bottom of defendant's Exhibit E (i.e., the material written by the investigating officer in response to Item 23 of this exhibit) was submitted to the jury and (2) a report with findings, which report shall be submitted to this court by November 10, 1975. Appeal held in abeyance in the interim. Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BANTAO, Appellant.—On the court's own motion, its decision dated October 9, 1975 is hereby amended by deleting therefrom the provision which directs appellant to surrender himself in order that execution of the judgment be commenced or resumed. Latham, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.

## (October 22, 1975)

■ SHELBORNE BEACH CLUB, INC., Respondent, v JOHN E. HELLMAN, Individually and Doing Business as STOP AND SHOP DISCOUNT CENTER, INC., et al., Appellants.—On the court's own motion, its decisions dated September 11, 1975 and October 15, 1975, and the orders made thereon, are withdrawn and vacated and the substituted decision hereinbelow set forth is rendered. Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur. In an action for a permanent injunction to restrain defendants from selling certain merchandise in violation of the provisions of a lease, defendants appeal from an order of the Supreme Court, Queens County, dated May 30, 1975, which, *inter alia,* granted plaintiff's motion for a preliminary injunction. Order reversed and motion denied, with a direction that this case be tried immediately, with $20 costs and disbursements to abide the event of such trial. On a motion for a preliminary injunction, the movant must prove three things: (1) the likelihood of its ultimate success on the merits; (2) irreparable injury to it absent the granting of the preliminary injunction; and (3) a balancing of the equities *(Albini v Solork Assoc.,* 37 AD2d 835). It was error for Special Term to grant the preliminary injunction because plaintiff failed to prove irreparable injury absent the granting of the requested relief. Rabin, Acting P. J., Cohalan and Margett, JJ., concur; Latham and Christ, JJ., dissent and vote to affirm, without opinion.