■ SHELDON DAVIS et al., Appellants, v GENERICS CORPORATION OF AMERICA, Respondent.—In an action, *inter alia,* to rescind a contract, plaintiffs appeal from an order of the Supreme Court, Rockland County, dated October 21, 1976, which denied their motion for a preliminary injunction and granted defendant's cross motion to dismiss the complaint. Order reversed, without costs or disbursements, defendant's cross motion to dismiss denied, and plaintiffs' motion for a preliminary injunction restraining defendant from selling or otherwise disposing of the stock of J. Davis Laboratories, Inc. (Davis Labs), doing business as Generics Pharmaceutical Corporation, pending determination of the action, granted on condition that plaintiffs, within 10 days after entry of the order to be made hereon, give an undertaking, with corporate surety, in the amount of $200,000, on terms

that if they are not successful in their action for rescission they will pay defendant all damages and costs which may be sustained by reason of the injunction. In the event that the undertaking is not filed by the date specified, defendant may settle an order on two days' notice vacating the preliminary injunction granted herein. In this action for rescission based upon fraud, the plaintiffs-appellants, *inter alia,* seek (1) rescission and cancellation of a purchase agreement dated June 11, 1973 and (2) an order directing defendant-respondent to return and deliver to them their stock in Davis Labs and to account to them for all diminution in the financial condition of Davis Labs. On the record presented, it is clear that defendant made fraudulent statements to plaintiffs in connection with the purchase agreement dated June 11, 1973. It has long been held that a person who has been fraudulently induced to enter into a contract may elect to bring an action in equity for rescission of the contract or bring an action at law for damages *(Vail v Reynolds,* 118 NY 297; *Goldsmith v National Container Co.,* 287 NY 438; *Commercial Credit Corp. v Third & Lafayette Sts. Garage,* 226 App Div 235). Though it is not clear whether plaintiffs knew or should have known of the fraudulent statements when the agreement of January 24, 1975, terminating the parties' relationship with each other and containing cross releases between the parties, was entered into, we believe that the *status quo* should be maintained by the issuance of an injunction *pendente lite.* In order to obtain such an injunction, a movant must prove three things: "(1) the likelihood of * * * ultimate success on the merits; (2) irreparable injury * * * absent the granting of the preliminary injunction; and (3) a balancing of the equities" *(Shelborne Beach Club v Hellman,* 49 AD2d 933). We believe that these three conditions have been met. A preliminary injunction should accordingly be granted to plaintiffs, provided they file an undertaking in the amount of $200,000 (see CPLR 6301), which represents approximately the amount of money they received from defendant pursuant to the two agreements executed by the parties. Shapiro, Hawkins and Suozzi, JJ., concur; Hopkins, J. P., concurs as to the reversal of the order insofar as it granted defendant's cross motion, but otherwise dissents and votes to affirm the order insofar as it denied plaintiffs' motion, with the following memorandum: I concur in the reversal of that part of the order which granted defendant's cross motion to dismiss the complaint. However, I would deny the issuance of a temporary injunction to plaintiffs. In my view, plaintiffs did not establish their probable success on the merits in this action. In addition sharp issues of fact are present.