OPINION OF THE COURT
Bentley Kassal, J.
Plaintiff seeks a preliminary injunction to restrain the defendants, their officers, directors, agents, servants, employees, successors and assigns, attorneys and all others in active concert or participation with them from proceeding with a threatened extrajudicial public sale, of certain personal property belonging to plaintiff held under a lien, pursuant to section 188 of the Lien Law.
Plaintiff, producer of the film "If Ever I See You Again”, arranged for certain work on the film to be done by defendant film laboratory, Technicolor, Inc. As a result, Technicolor is now in possession of certain prints, negatives and other materials over which it claims a lien in accordance with section 188 of the Lien Law for services rendered for which no *854 payment has been received. Defendant issued and served a notice of sale dated November 17, 1978, pursuant to which it intends to sell the liened property of plaintiff in its possession at public auction.
Plaintiff seeks the preliminary relief to prohibit such sale alleging that the debt had been deferred, and that, nevertheless, an ex parte extrajudicial sale prior to the litigation of the respective rights of the parties in the property would be a violation of due process. In this regard, plaintiff asserts that the Court of Appeals in Sharrock v Dell Buick-Cadillac (45 NY2d 152) held that sections 200, 201, 202 and 204 of the Lien Law, to the extent that they authorize extrajudicial sales, such as the one contemplated herein by defendants, were unconstitutional in that they violated the due process clause of the New York State Constitution by taking property without affording notice and judicial determination of the rights of the parties.
In an application for a preliminary injunction the movant must prove three things: (1) the likelihood of its ultimate success on the merits; (2) irreparable injury to it, absent the granting of the preliminary injunction; and (3) a balancing of the equities. (Chrysler Corp. v Fedders Corp., 63 AD2d 567; Town of Porter v Chem-Trol Pollution Serv., 60 AD2d 987; Shelborne Beach Club v Heilman, 49 AD2d 933.) Plaintiff in this instance has met its burden.
Under the Sharrock case, it is clear that absent a judicial determination of the rights of the parties, a lienor under section 188 would have no legal right to effect a sale of liened property in his possession. (See Sharrock v Dell Buick-Cadillac, supra, p 174 [dissenting opn, Jasen, J.].) This being so, plaintiff has demonstrated a likelihood of success on the action. Moreover, it appears from defendant’s letter dated August 30, 1978 that Technicolor did agree to defer payment on the debt until funds were payable to plaintiff from its distributor, Columbia Pictures, which have not been forthcoming. Thus, there is a clear issue of fact as to the maturity date of the debt upon which it seeks to collect by way of public auction of the liened property.
Plaintiff has established that failure to preserve the status quo would result in deprivation of its constitutional right to due process. This alone demonstrates irreparable harm. Additionally, permitting a sale to go forward will endanger plaintiff’s ability to negotiate and market the film and may impair *855 its reputation with those to whom it has already concluded distribution agreements.
Balancing the equities, it would appear to serve the best interests of both parties that the producer’s marketing efforts not be impeded. Strongly tipping the scales in favor of the preliminary injunction is the necessity of preserving plaintiff’s constitutional right to a judicial determination of the respective interests of the parties.
Accordingly, the preliminary injunction is granted and defendants are restrained as requested from disposing of the liened property.
Settle order providing for an appropriate undertaking.