■ In the Matter of COMMUNITY PLANNING BOARD No. 18, Petitioner, v JAMES INTRONE, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the State Office of Mental Retardation and Developmental Disabilities, dated June 5, 1980, which, after a hearing, found that the establishment of a community residence facility at a contested location would be appropriate. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Pursuant to the requirements of section 41.34 of the Mental Hygiene Law, the State Office of Mental Retardation and Developmen-

tal Disabilities sent a notification to Community Planning Board No. 18 of its intent to establish within the board's jurisdiction two community residences for the mentally retarded. The notification included three broad geographic areas among which the proposed residences would be located. Petitioner contends that the use of areas rather than specific sites was improper. However, the statute does not require the designation of a specific site in the notice of intent (see *Matter of Town of Stony Point v New York State Off. of Mental Retardation & Developmental Disabilities,* 78 AD2d 858). Petitioner's objection to the specific site eventually selected by the respondent, i.e., that the stability of the surrounding neighborhood would be adversely affected, is without merit. The Mental Hygiene Law requires a showing that an overconcentration of community residential facilities in the area would substantially alter the nature and character of the neighborhood (see Mental Hygiene Law, § 41.34, subd [b], par [1], cl [C]; *Matter of Town of Pound Ridge v Introne,* 81 AD2d 890; *Town of Hempstead v Commissioner of State of N.Y. Off. of Mental Retardation & Developmental Disabilities,* 78 AD2d 677). Concededly, such an oversaturation of facilities would not exist. Accordingly, the respondent's determination must be confirmed. Damiani, J.P., Gulotta, Margett and Bracken, JJ., concur.