■ CITY OF OSWEGO, Petitioner, v JAMES PREVOST, as Commissioner of the Office of Mental Health for the State of New York, et al., Respondents. — Petition unanimously dismissed, with costs. Memorandum: The City of Oswego seeks in this CPLR article 78 proceeding to review a decision of respondent commissioner which authorized respondent Oswego County Opportunities, Inc., the sponsoring agency, to establish a community residential facility at 55 Erie Street in that city. Respondent opposes the petition contending not only that substantial evidence supports the commissioner's determination but also that the city's objection was untimely and that the petition should therefore be dismissed. The proceeding was referred to us for determination by Special Term without ruling on the issue of timeliness. On April 3, 1981 the sponsoring agency notified Oswego Mayor Cahill, pursuant to section 41.34 of the Mental Hygiene Law, that it intended to establish a community residence at 40 East Utica Street. Thereafter, on May 4, the city held hearings on the proposal (see Mental Hygiene Law, § 41.34, subd [b], par [2] [now subd (c), par (2)]) and on May 14, 1981 the Mayor wrote to the sponsoring agency withholding approval on the Utica Street site but suggesting 14 alternative sites (see Mental Hygiene Law, § 41.34, subd [b], par [1], cl [B]). On May 27 the sponsoring agency accepted one of these, 55 Erie Street, and entered into a purchase contract to acquire it. There was no further correspondence between the parties until June 26. By letter of that date, the city notified the sponsoring agency that it objected to development of the Erie Street site it had suggested and it objected to development of the facility at any site in the City of Oswego for reasons stated in section 41.34 (subd [b], par [1], cl [C]), i.e., because establishment "would result in such a concentration of community residential facilities for the mentally disabled in the municipality or a combination of such facilities with other community residences or similar facilities licensed by other agencies of state government that the nature and character of the areas

within the municipality would be substantially altered." On July 2, 1981 the city requested respondent commissioner to hold a hearing on the matter. He did so in October and by decision dated November 17, 1981 he authorized the sponsoring agency to proceed with the development of premises at 55 Erie Street, Oswego, New York, as a community residence facility. Section 41.34 of the Mental Hygiene Law provides that when a sponsor seeks to establish residential facilities at one or more sites, it shall notify the chief executive officer of the municipality. The municipality has 40 days after receipt of this notice to do one of three things: it may approve one of the suggested sites; it may suggest other suitable sites or it may object to the establishment of the facility at any location because of overconcentration of community residential facilities or similar facilities in the community. If the municipality fails to respond to the agency within 40 days or if it approves the proposed site, the sponsoring agency may proceed to establish the facility. If the municipality proposes alternative sites which are satisfactory to the sponsoring agency, and such sites do not already include an excessive number of community residential facilities, the sponsoring agency shall seek to establish its facilities at one of the suggested sites (Mental Hygiene Law, § 41.34, subd [b], par [4]). If none of the city's proposed sites is satisfactory, the agency may notify the city which may then suggest further alternative sites and if the agency and the city cannot agree on an alternative site, either may request a hearing before the commissioner. Thus, the statutory scheme provides alternatives by which the city may approve the development, oppose development within the municipality generally (see Matter of Village of Newark v Introne, 84 AD2d 936; Matter of Town of Onondaga v Introne, 81 AD2d 750) or, accepting the need for development generally, oppose the specific location proposed by the agency. The municipality is granted 40 days to hold preliminary hearings and pursue its own investigation of the matter before determining the course it intends to follow, but since prejudice and cost to the agency inevitably increase with delay, the municipality must choose its course within the statutory time period. Here, the city, having failed to object to location of a facility within the city pursuant to subdivision (b) (par [1], cl [C]) within 40 days and having instead suggested alternate sites, one of which was accepted, as provided in subdivision (b) (par [1], cl [B]), was thereafter foreclosed from opposing establishment of the facility on June 26, after the 40-day period had elapsed, on grounds of overconcentration (see Matter of St. Germain v Zoning Bd. of Appeals of Town of Paris, 35 AD2d 1064; and see, also, Matter of Town of Stony Point v New York State Off. of Mental Retardation & Developmental Disabilities, 78 AD2d 858; Matter of Samperi v Kramer, 49 AD2d 979). Accordingly, the petition should be dismissed. If we were to reach the merits, we would find substantial evidence supporting the commissioner's determination and therefore confirm it. (Article 78 proceeding transferred by order of Supreme Court, Oswego County, Donovan, J.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.