■ Town of Oyster Bay, Appellant, v State of New York Office of Mental Retardation and Developmental Disabilities et al., Respondents.—In an action for declaratory and injunctive relief, plaintiff appeals from an order of the Supreme Court, Nassau County (Balletta, J.), dated December 18, 1984, which granted the motions of defendants State of New York Office of Mental Retardation and Developmental Disabilities (OMRDD), Nassau Center for the Developmentally Disabled, Inc. (Center), and Dr. Benjamin Hirsch to dismiss the amended complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Order affirmed, with costs to respondent OMRDD payable by appellant.

By letter dated April 23, 1984, the Center notified the Supervisor of plaintiff Town of Oyster Bay of its intent to establish a community residence for 10 mentally retarded adults at a specified address in Massapequa, New York. The prospective clients of the proposed residence were identified as having an "IQ less than 50". Plaintiff did not properly object to the establishment of the proposed residence within 40 days of notification, resulting in the Center's right to continue with its plans to establish the residence (see, Mental Hygiene Law § 41.34 [c] [1]; *Matter of Town of Stony Point v New York State Off. of Mental Retardation & Developmental Disabilities,* 78 AD2d 858).

Plaintiff now seeks, in essence, a judgment declaring that the prospective occupants of the proposed residence, by reason of their low intelligence scores (IQ), will be incapable of self-preservation, and therefore, not suitable for placement in the proposed community residence. OMRDD has, pursuant to the Mental Hygiene Law, promulgated detailed regulations governing the placement of individuals in community residences for the developmentally disabled with respect to their capability of self-preservation in the event of emergency (see, 14 NYCRR 686.2).

The primary responsibility for matters involving the administration of programs such as those developed by OMRDD lies in the executive branch. Absent extraordinary circumstances, not present at bar, the courts should decline to interfere in these administrative functions (see, *Jones v Beame,* 45 NY2d 402). Accordingly, Special Term properly granted the motions to dismiss. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.