■ In the Matter of the CITY OF SCHENECTADY, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the State of New York Office of Mental Retardation and Developmental Disabilities which overruled petitioner's objection to the establishment of a community residential facility for the disabled in the City of Schenectady. Pursuant to section 41.34 of the Mental Hygiene Law,

the Oswald D. Heck Developmental Center (ODH) notified petitioner of its intention to establish a community residence facility in the City of Schenectady for the care and treatment of six mentally handicapped adolescents. The Common Council of the City of Schenectady adopted a resolution objecting to the establishment of the residence. Following a hearing requested by ODH, the respondent found that while some areas of the city may be threatened with an alteration of their nature and character if more extensive placement of mentally handicapped persons continues, extensive areas of the city remain virtually without residential services for the mentally handicapped. Respondent concluded by directing that further development of community residences for the mentally retarded should be limited to only those census tracts in which 10 or less deinstitutionalized mentally handicapped persons per 1,000 reside in similar residential facilities. Petitioner thereafter commenced this article 78 proceeding to review respondent's determination. Initially, petitioner maintains that respondent misinterpreted statutory criteria in making his determination. In this regard, it is argued that since respondent found that certain areas of the city would be altered in their nature and character if additional residences were placed in those areas, he was precluded from allowing the establishment of another such residence anywhere in the city. A reading of section 41.34 (subd [b], par [5]) of the Mental Hygiene Law belies petitioner's contention. It is provided therein that respondent must sustain petitioner's objection if he determines that the nature and character of the "area in which the facility is to be based would be substantially altered" (Mental Hygiene Law, § 41.34, subd [b], par [5]). Consequently, the statute requires consideration of the effect the residence will have on the area where it is to be established, not on the effect the residence would have if established in some other area of the city. Respondent correctly applied the proper statutory criteria. Petitioner also urges that respondent's determination is not supported by substantial evidence. We disagree. Evidence was presented at the hearing demonstrating that a need for the residence in question exists, that there was a low concentration of similar residences in the area where the residence would be located and that no alteration of the nature and character of that area would result from its establishment therein. There was a failure by petitioner to sufficiently rebut this proof. In our view, respondent's determination is supported by substantial evidence, and, therefore, it should not be disturbed (see *Matter of Purdy v Kreisberg,* 47 NY2d 354). We have considered petitioner's remaining contentions and find them to be without merit. Accordingly, the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.