■ In the Matter of ANTHONY T. DI BIASE et al., Petitioners, v DOMINIC J. PISCITELLI, as Mayor and Chairman of the Board of Trustees of the Village of Westbury, et al., Respondents; JAMES E. INTRONE, Commissioner of the State of New York Office of Mental Retardation, et al., Respondents-Respondents, and NEW YORK STATE ASSOCIATION FOR RETARDED CHILDREN, INC., Appellant. — In a proceeding pursuant to CPLR article 78, the New York State Association for Retarded Children, Inc. (NYSARC) appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Young, J.), dated July 28, 1980, as dismissed its cross claims against respondents New York State Commissioners of the Office of Mental Health (OMH) and of Mental Retardation and Developmental Disabilities (OMRDD). Judgment and order modified, on the law, by deleting the provision dismissing the aforesaid cross claims and by adding a provision thereto declaring that section 41.34 of the Mental Hygiene Law is constitutional as herein applied. As so modified, order and judgment affirmed insofar as appealed from, without costs or disbursements. Within the instant article 78 proceeding, NYSARC cross-claimed against the Commissioners of OMH and OMRDD for a judgment declaring section 41.34 of the Mental Hygiene Law to be unconstitutional. In its amended pleading, NYSARC claimed that section 41.34 is unconstitutional because it allegedly violates certain due process and equal protection rights of the mentally ill and retarded, and of the developmentally disabled, e.g., the right to purchase and occupy residential property. We find that, on its face and

by NYSARC's own description, the challenged statute is patently designed to encourage the establishment and licensing of community residential facilities for persons formerly served in State institutions and to insure that providers of care establish such facilities with the participation of local communities in site selection. (See Governor's Message Approving L 1978, ch 468, NY Legis Ann, 1978, pp 273-274.) By amending the Mental Hygiene Law, the Legislature expressed a public policy that the needs of the mentally disabled should be met through the concept of group homes in community settings chosen through a process of joint discussion and accommodation between the providers of care and services to the mentally disabled and representatives of the community. Section 41.34 of the Mental Hygiene Law is rationally related to the public policy sought to be implemented by the Legislature, and to that extent, is constitutional. (See *Zubli v Community Mainstreaming Assoc.*, 50 NY2d 1024; *Lanza v Wagner*, 11 NY2d 317, app dsmd 371 US 74.) Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.