■ In the Matter of ARTHUR GRONBACH et al., Appellants, v JOY G. SIMPKINS et al., Constituting the Planning Board of the Town of Pound Ridge, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Pound Ridge approving the construction of a connecting road between the proposed "Lost Lake" development and Horseshoe Hill Road West, petitioners appeal from a judgment of the Supreme Court, Westchester County (Daronco, J.), dated May 28, 1982, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. The record supports Special Term's conclusion that the decision of the Planning Board of the Town of Pound Ridge to approve the construction of a connecting road from the proposed Lost Lake subdivision to Horseshoe Hill Road West "was made after an indepth study of various factors, including * * * traffic flow and * * * access by police, sanitation, fire and emergency vehicles, and school buses to homes * * * in the Horseshoe Hill section and [those] to be constructed in the Lost Lake section." Under these circumstances, we agree with Special Term that there was a rational basis for the planning board's determination. The courts have no power to substitute their judgment for that of a planning board (see *Matter of Robert's Running Creek Mobile Park v Landolfi,* 56 AD2d 933, affd 44 NY2d 771; *Matter of Colton v Berman,* 21 NY2d 322; *Murphy v Zeigler,* 24 AD2d 452, app dsmd 19 NY2d 596). Mollen, P. J., Mangano, Thompson and Niehoff, JJ., concur.

■ In the Matter of INCORPORATED VILLAGE OF WESTBURY, Petitioner, v JAMES A. PREVOST, as Commissioner of the New York State Office of Mental Health, et al., Respondents. — Proceeding pursuant to CPLR article 78 to *inter alia,* review a determination of the respondent Commissioner of the New York State Office of Mental Health, dated September 7, 1982, which, after a hearing, found that the establishment of a community residential facility at a contested location was appropriate. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. At issue in a hearing to contest the appropriateness of the establishment of a community residential facility (Mental Hygiene Law, § 41.33), such as the 12-bed young adult facility here, is whether the nature and character of the proposed location would be substantially altered as a result of its establishment there (Mental Hygiene Law, § 41.34, subd [c], par [5]). Apart from conclusory allegations, the petitioning municipality produced insufficient evidence to demonstrate that such alteration would take place in this case. Furthermore, the applicant's evidence showed, *inter alia,* that the proposed facility, formerly a school for a student body of approximately 50 children, was needed locally and was isolated sufficiently from other similar facilities so as to avoid undue concentration in the relevant geographical area. Therefore, the determination of the commissioner was supported by substantial evidence. Petitioner's other arguments, including those challenging the constitutionality of the statute, have been considered and found to be without merit (see *Zubli v Community Mainstreaming Assoc.,* 50 NY2d 1024; *Matter of Di Biase v Piscitelli,* 87 AD2d 611, app dsmd 57 NY2d 672). O'Connor, J. P., Weinstein, Bracken and Boyers, JJ., concur.