In the Matter of CITY OF NEWBURGH, Petitioner, v ARTHUR Y. WEBB, as Commissioner of the State of New York Office of Mental Retardation and Developmental Disability, Respondent.—Mikoll, J.

Petitioner seeks review of a determination of respondent which approved, after a hearing, the establishment of a community residence for mentally retarded adults at South and Wilson Streets in the City of Newburgh, Orange County. Petitioner contends that respondent's decision is not supported by substantial evidence and that the failure of petitioner to initiate review proceedings under the State Environmental Quality Review Act (SEQRA) (ECL 8-0109 [4]) prior to making a decision on site selection requires annulment of the determination. We disagree. The determination should be confirmed and the petition dismissed.

In the approval of a site over the objections of a municipality, respondent is required to consider the need for the facility in the municipality and the existing concentration of similar

facilities in that municipality or in the area in proximity to the site selected. He shall sustain the objection if he finds "that the nature and character of the area in which the facility is to be based would be substantially altered as a result of establishment of the facility" (Mental Hygiene Law § 41.34 [c] [5]).

Petitioner argues that there was a failure to show that there is a need for the facility within the city and that it is not enough to show the need for such a facility in Orange County. This argument lacks merit. The record demonstrates a need for the facility in the city as well as the county. Moreover, the city is included in the county and, therefore, to show a need in the county necessarily establishes the required need for the facility in the city.

Petitioner contends that placement of the facility in the city will result in an overconcentration in the city. However, this contention is not supported by the record. Family care homes are not "community residences" and are not to be considered as "similar facilities" within the meaning of Mental Hygiene Law § 41.34 (c) (5) *(see, Matter of Village of Newark v Introne, 84 AD2d 936, 937; Matter of City of Schenectady v Coughlin, 74 AD2d 985, 986).*

Petitioner offered insufficient evidence that the establishment of the facility on the proposed site would substantially alter the nature and character of the area. There is adequate evidence in the record to support respondent's conclusion that the nature and character of the area will not be substantially altered *(see, Matter of Incorporated Vil. of Westbury v Prevost, 96 AD2d 1100, lv denied 62 NY2d 602; Grasmere Homeowners Assn. v Introne, 84 AD2d 778, 779).*

Finally, we agree with respondent's contention that site approval under SEQRA is not a precondition to site selection and approval under Mental Hygiene Law § 41.34. Consequently, petitioner's objection on such ground at this point is premature.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.