■ In the Matter of DONNA FISHER et al., Petitioners, v
ARTHUR Y. WEBB, as Commissioner of the State of New York,
Office of Mental Retardation and Developmental Disabilities,
Respondent.—Kane, J. P. Proceeding pursuant to CPLR arti-
cle 78 (transferred to this court by order of the Supreme
Court, entered in Albany County) to review a determination of
respondent which approved the establishment of a community
residence facility for the developmentally disabled in the
Town of Colonie, Albany County.

Petitioners seek to annul the determination of respondent
which approved the establishment of a community residence
facility at 6 Maple Lane North in the Town of Colonie, Albany
County, pursuant to Mental Hygiene Law § 41.34. Petitioners
are town residents whose homes are in close proximity to 6
Maple Lane North. It is their contention that establishment of
a community residence at 6 Maple Lane North would substan-
tially alter the character of the surrounding neighborhood
since three community residences would exist within one mile
of each other *(see, Town of Hempstead v Commissioner, State*

*of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 89 AD2d 850).

The evidence presented at a hearing held pursuant to Mental Hygiene Law § 41.34 (c) (5) failed to establish that the residence would change the character of petitioners' neighborhood since the evidence was founded upon speculation and undocumented fears concerning residents of community homes *(see, Town of Hempstead v Commissioner, State of N. Y. Off. of Mental Retardation & Developmental Disabilities, supra).* Although petitioners' apprehensions may be subjectively genuine, they are not based on concrete evidence and, as such, are insufficient to demonstrate that a change in the character of the neighborhood would occur. Moreover, the record demonstrates that the proposed site is "isolated sufficiently from other similar facilities so as to avoid undue concentration in the relevant geographical area" *(Matter of Incorporated Vil. of Westbury v Prevost,* 96 AD2d 1100, *lv denied* 62 NY2d 602) and is in a separate and discrete neighborhood unaffected by the other existing community residences *(see, Matter of City of Newburgh v Webb,* 124 AD2d 371). Petitioners' contention that the character of the neighborhood will change, since there will be 8 severely handicapped persons (2 in wheelchairs) living at 6 Maple Lane North while only 14 persons reside on the entire street, is not persuasive *(see, Matter of Incorporated Vil. of Westbury v Prevost, supra).*

In reviewing respondent's findings, it is clear that he considered both the need for the proposed facility and the existing concentration of similar facilities *(see, Matter of Town of Onondaga v Introne,* 81 AD2d 750; *Matter of City of Schenectady v Coughlin,* 74 AD2d 985). Accordingly, the finding of need for the facility is based on substantial evidence and is consistent with the State's policy of deinstitutionalizing those with mental disabilities *(see, Crane Neck Assn. v New York City/Long Is. County Servs. Group,* 61 NY2d 154, *cert denied* 469 US 804).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.