■ In the Matter of TOWN OF CATSKILL et al., Petitioners, v GREENE COUNTY CHAPTER OF THE ASSOCIATION FOR RETARDED CHILDREN, INC., et al., Respondents.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Greene County) to review a determination of respondent Commissioner of Mental Retardation and Developmental Disabilities which approved the establishment of a community residence in the Town of Catskill, Greene County.

In September 1988, respondent Greene County Chapter of the Association for Retarded Children, Inc. (hereinafter GCARC) notified petitioner Town of Catskill (hereinafter the Town) of its intention to establish a community residence for developmentally disabled adults within the Town and identified a potential site at 110 Wildwing Park Extension. The Town, along with petitioner Homeowners Association of Wildwing Park, opposed the site and submitted alternatives, all of which were rejected by GCARC as either failing to satisfy the criteria set forth in a site selection fact sheet or being outside the Town's jurisdiction. A second group of alternate sites was similarly rejected and a hearing was held after which the Hearing Officer found that the Town had

failed to suggest a suitable alternate site and recommended that GCARC be allowed to develop the Wildwing site. Respondent Commissioner of Mental Retardation and Developmental Disabilities (hereinafter the Commissioner) subsequently approved that site and this proceeding followed.

The Commissioner's determination should be confirmed and the petition dismissed. We cannot agree with petitioners' contention that GCARC presented the Wildwing site as a *fait accompli* by narrowly tailoring its site criteria after the fact to exclude the viability of alternate sites. The record contains substantial evidence demonstrating that the site requirements manifested in GCARC's site selection fact sheet were established prior to the selection of Wildwing Park Extension as a proposed site.

Nor are we any more inclined to accept petitioners' interpretation of Mental Hygiene Law § 41.34 over that of the Commissioner for purposes of deciding the limits of "jurisdiction" and the propriety of the Town suggesting alternate sites located in an incorporated village within the Town's boundaries. The statute provides that "[w]hen a site has been selected by the sponsoring agency, it shall notify the chief executive officer of the municipality * * * [which shall] have forty days after the receipt of such notice to * * * (B) suggest one or more suitable sites within its jurisdiction which could accommodate such a facility" (Mental Hygiene Law § 41.34 [c] [1]). For section 41.34 purposes, a municipality "means an incorporated village if a facility is to be located therein [and] a town if the facility is to be located therein and not simultaneously within an incorporated village" (Mental Hygiene Law § 41.34 [a] [3]). Applying plain meaning to the statute's language within the context of its intent to, *inter alia,* foster the cooperation of a particular targeted community *(see,* L 1978, ch 468, § 1), we find it eminently reasonable to adopt the Commissioner's interpretation that the statute "does not allow a municipality to suggest alternate sites that are within the corporate limits of another municipality".

Finally, we summarily reject petitioners' contention that the record lacks substantial evidence to support the Commissioner's conclusion that the proposed community residence would not substantially alter the nature and character of the area *(see,* Mental Hygiene Law § 41.34 [c] [5]). The proposed site is sufficiently distant from similar facilities and petitioners have failed to produce evidence demonstrating that a substantial change in the area would emanate from placement of the residence therein *(see, Matter of Fisher v Webb,* 136

AD2d 806, 807; *see also, Matter of Town of Brunswick v Webb,* 145 AD2d 844, 845).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.