TOWN OF DEWITT, Appellant, v RICHARD C. SURLES, as Commissioner of the New York State Office of Mental Health, et al., Respondents.—Order unanimously reversed on the law without costs, motion granted and cross motion denied. Memorandum: Plaintiff town commenced this action for injunctive and declaratory relief to challenge the sufficiency of the notice given by defendants to the town pursuant to Mental Hygiene Law § 41.34 (c) (1); to invalidate the site selection process; and to enjoin defendants from establishing a community residence within the town. Plaintiff appeals from an order denying its motion for a preliminary injunction and granting defendants' cross motion for summary judgment dismissing the complaint on the grounds of lack of merit and untimeliness. We conclude that the section 41.34 notice was defective because it failed to meet the statutory requirements in two respects: it was not accompanied by "the most recently published data" concerning the existence, location and nature of previously established facilities in the surrounding area, and it failed to disclose the existence of eight group homes previously established in the area, including four within the town (Mental Hygiene Law § 41.34 [c] [1]; Social Services Law § 463-a).

Contrary to defendants' argument, the deficiencies in the

notice cannot be disregarded as technical or inconsequential, since the defects undercut the very essence of the notice requirement, which is to permit the town to object to the proposed community residence on the ground of overconcentration, or to propose a suitable alternative site. In view of the defects in the notice, the town's motion for a preliminary injunction must be granted and defendants' cross motion for summary judgment dismissing the complaint on timeliness or merit grounds must be denied. The statute mandates that any operating certificate issued without compliance with the provisions of the statute "shall be considered null and void" and authorizes the enjoining of the "continued operation of the facility" (Mental Hygiene Law § 41.34 [e]). Further, the deficient notice was ineffective to commence the running of the 40-day objection period (see, Mental Hygiene Law § 41.34 [c] [1]), and hence to trigger the four-month limitations period of CPLR 217 (cf., Matter of Village of Westbury v Department of Transp., 75 NY2d 62, 72-74; Matter of Zellweger v New York State Dept. of Social Servs., 74 NY2d 404, 408; Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834). In any event, the action is not a CPLR article 78 proceeding in form or substance and hence is not governed by the four-month rule. (Appeal from order of Supreme Court, Onondaga County, Stone, J.—temporary injunction.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.