# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1069**

**TP 16-00256**

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF TOWN OF EDEN, PETITIONER,

V                                              MEMORANDUM AND ORDER

KERRY A. DELANEY, ACTING COMMISSIONER, NEW YORK
STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL
DISABILITIES, RESPONDENT.

---

WILLIAM J. TRASK, SR., BLASDELL, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Deborah A. Chimes, J.], entered February 18, 2016) to review a determination of respondent. The determination denied petitioner's objection to the proposed siting of a community residential facility in the Town of Eden.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination, made after a hearing, to permit the establishment of a community residential facility for the developmentally disabled within the Town of Eden, and the matter was transferred to this Court pursuant to CPLR 7804 (g). Contrary to petitioner's contention, we conclude that the notice provided to petitioner was neither deficient in content nor prejudicial to petitioner merely because it listed, among the data maintained pursuant to Social Services Law § 463 (*see* Mental Hygiene Law § 41.34 [c] [1]), several facilities that were ultimately determined by respondent not to be sufficiently similar to the proposed community residence to warrant consideration in the siting process (*see* § 41.34 [c] [1] [C]; [5]; *cf. Town of Dewitt v Surles*, 167 AD2d 945, 945-946). We reject petitioner's further contention that respondent violated the statutory scheme by not considering, in determining whether the nature and character of the area would be substantially altered, all of the State-licensed facilities within the Town. Cases construing the statutory scheme hold that, in order for an existing facility within the municipality to be deemed "similar" to the proposed new facility, and thus to be considered as part of the siting process, that existing

facility must be a " '[c]ommunity residential facility for the disabled' " (§ 41.34 [a] [1]; *see Matter of City of Mount Vernon v OMRDD*, 56 AD3d 771, 772; *Matter of City of Newburgh v Webb*, 124 AD2d 371, 372; *see also Matter of Village of Newark v Introne*, 84 AD2d 936, 937; *Matter of Town of Onondaga v Introne*, 81 AD2d 750, 750).  We conclude that the additional facilities highlighted by petitioner, a senior assisted-living residence, one or more nursing homes, a drug treatment facility, and a day habilitation center, were not similar to the community residence under consideration and were not among those required to be considered by respondent (*see* § 41.34 [c] [1] [C]; [5]; *see also Town of Onondaga*, 81 AD2d at 750).

Finally, we conclude that substantial evidence supports respondent's determination that the establishment of the proposed new six-bed community residence for the disabled, in addition to those already existing in the Town, would not "result in such a concentration of" such facilities and similar "facilities licensed by other state agencies that the nature and character of areas within the municipality would be substantially altered" (Mental Hygiene Law § 41.34 [c] [5]; *see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239-241; *Matter of Town of Gates v Commissioner of N.Y. State Off. of Mental Retardation & Dev. Disabilities*, 245 AD2d 1116, 1117).

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court