■ COMMUNITY PLANNING BOARD No. 2 OF THE BOROUGH OF MANHATTAN et al., Appellants, v. BOARD OF STANDARDS AND APPEALS, Respondents.— Judgment, Supreme Court, New York County, entered July 16, 1973, dismissing the petition, unanimously modified, on the law, to the extent that the petitioners-appellants other than petitioner Community Planning Board are reinstated as petitioners, the petition reinstated, the motion to dismiss as to the reinstated petitioners denied, and otherwise affirmed, without costs and without disbursements, and the proceeding remanded to Supreme Court, New York County, for appropriate further action thereon, with leave granted, in the exercise of discretion, to petitioner Community Planning Board to appear in the proceeding amicus curiae. This proceeding under CPLR article 78 brings up for review a variance granted by respondent Board of Standards and Appeals permitting certain changes to be effected in a restaurant in a general residence district. Petitioners are the local Community Planning Board, a resident owner of nearby property, and tenants living in the immediate vicinity. Special Term dismissed the petition, holding that petitioners had no standing to sue as not being "persons * * * aggrieved" by the decision, as the governing statute requires (Administrative Code of City of New York, § 668e–1.0, subd. a). It is contended that the subject restaurant daily caters to "intoxicated and drug-drenched patrons" who are "disorderly and boisterous" in conduct and language, and who "block entrances to buildings" while committing various indecencies and nuisances and "insult and harass tenants in the area if any attempt is made to interfere with their conduct." While there is nothing found in statute or decision which accords the Community Planning Board status to petition herein (New York City Charter, § 84 [1938]), we hold otherwise as to the other petitioners. Certainly

a nearby owner of rentable property may well suffer pecuniary damage from the downgrading of his neighborhood by disorder, and such damage is the usual measure of the status of "aggrieved person" (see *Matter of Haber* v. *Board of Estimate of City of N. Y.*, 33 A D 2d 571). But even tenants are entitled to the use of process to scotch activities and "uses which devaluate living conditions (*Lavere* v. *Board of Zoning Appeals of City of Syracuse*, 39 A D 2d 639)." Accordingly, petitioners other than the planning board do, in our opinion, have standing to maintain this proceeding. Concur — Markewich, J. P., Nunez, Kupferman, Lane and Capozzoli, JJ.