■ In the Matter of TOWN OF POUND RIDGE, Respondent, v JAMES E. INTRONE, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, Appellant. — In a proceeding pursuant to CPLR article 78, the Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities appeals from a judgment of the Supreme Court, Westchester County, dated October 31, 1980, which granted the petition and annulled a determination of the commissioner approving the petitioner town as an area in which a community residence for mentally disabled persons might be established. Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits. The hearing in the case at bar was properly conducted. As this court has previously noted, "The sole issue to be resolved at a hearing to contest the appropriateness of the establishment of a community residence facility pursuant to section 41.34 of the Mental Hygiene Law is whether 'the nature and character of the area in which the facility is to be based would be substantially altered as a result of establishment of the facility' (§ 41.34, subd [b], par [5])." *(Matter of Town of Greenburgh v Coughlin,* 73 AD2d 672.) Although the issue of need may be considered by the commissioner, contrary to the conclusion of Special Term the lack of need alone will not defeat the agency's proposal. Moreover, in the case at bar, the showing that there were approximately 550 persons in Westchester County awaiting placement in appropriate facilities was an adequate showing of need, absent some indication of overconcentration in the target area; although objecting to the commissioner's proposal on this ground, petitioner failed to adduce any evidence that the establishment of such facilities would cause overconcentration within the township. As a result the hearing was brief and no factual disputes were presented. In view of the limited nature of the hearing, the findings of fact by the commissioner, albeit minimal, were adequate. We have considered appellant's remaining contentions and find them to be without merit. Titone, J.P., Mangano, Gulotta and Thompson, JJ., concur.