■ In the Matter of the VILLAGE OF NEWARK, Petitioner, v JAMES E. INTRONE, as Commissioner of the State of New York Office of Mental Retardation and Developmental Disabilities, Respondent. — Determination unanimously confirmed, without costs, and petition dismissed. Memorandum: In a CPLR article 78 proceeding, transferred to this court pursuant to CPLR 7804 (subd [g]), petitioner Village of Newark seeks review of a determination of the Commissioner of the State of New York Office of Mental Retardation and Developmental Disabilities, made after a hearing, approving the establishment of a seven-bed community residential facility for the disabled at a contested site on Madison Street in the village. The determination was made pursuant to the provisions of section 41.34 of the Mental Hygiene Law which is designed to encourage the development of community residential facilities but to avoid an overconcentration thereof in any one area *(Matter of Town of Onondaga v Introne,* 81 AD2d 750; see declaration of legislative findings and intent, L 1978, ch 468, § 1; Governor's Program Memoranda approving L 1978, ch 468; NY Legis Ann, 1978, p 273). Since the village objected to the site, the commissioner was required to consider the need for the facility and to determine whether, because of the "existing concentration of such facilities and other similar facilities licensed by other state agencies in the municipality", the nature and character of the area in which the facility is to be based would be substantially altered (Mental Hygiene Law, § 41.34, subd [b], par [5]). Petitioner claimed at the hearing that there were 11 similar facilities in the village, while the Newark Developmental Disabilities Service Office contended that there were only 6. The commissioner agreed with the latter

contention on the basis that only those supervised residences having 4 to 14 residents were to be considered as similar. The village argues in this proceeding that the commissioner's interpretation of the phrase "similar facilities" is irrational and is not reflective of legislative intent. The argument must be rejected. The practical construction given a statute by the person or agency charged with its enforcement rises nearly to the level of judicial interpretation *(Matter of Lezette v Board of Educ.,* 35 NY2d 272, 281) and if not irrational or unreasonable, it will be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Bork v City School Dist. of City of North Tonawanda,* 60 AD2d 13). The agency interpretation will be accorded less weight, however, where "the question is one of pure statutory reading and analysis, dependent only on an accurate apprehension of legislative intent" *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). In construing the phrase "similar facilities", we have held that only similar residential facilities are to be considered by the commissioner, even though the word "residential" is not found in the phrase (see *Matter of Town of Onondaga v Introne,* 81 AD2d 750, *supra).* Although the 4 to 14 bed characteristic at issue here is not included in the phrase "similar facilities", the phrase is preceded in the statute by a definition of community residence for the disabled which includes the 4 to 14 bed factor (Mental Hygiene Law, § 41.34, subd [a], par [1]) and is thus supportive of the commissioner's determination. We also find no merit to the village's claim that four residential facilities located on the grounds of the Newark Developmental Center should be considered by the commissioner in determining the impact of the proposed facility upon the community. Those facilities are used for training purposes and are not community residences within the contemplation of the statute. The village further contends that the commissioner's determination is not supported by substantial evidence. We disagree. The record contained unrefuted testimony that there is a need for the facility and the commissioner's finding that its establishment would not alter the nature and character of the area is reasonably supported *(Matter of Purdy v Kreisberg,* 47 NY2d 354). We have considered the other issues raised by the villge and find them to be without merit. (Art 78 proceeding transferred by order of Wayne Supreme Court, Fritsch, J.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.