■ GRASMERE HOMEOWNERS' ASSOCIATION et al., Petitioners, v JAMES E. INTRONE, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, Respondent. DONGAN HILLS UNITED CIVIC ASSOCIATION, INC., et al., Petitioners, v JAMES E. INTRONE, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, Respondent. — Consolidated proceedings pursuant to CPLR article 78 to review so much of a determination of the respondent Commissioner of the State Office of Mental Retardation and Developmental Disabilities, dated September 14, 1979, as, after a hearing, found that the establishment of community residence facilities at two contested locations would be appropriate. Determination confirmed insofar as reviewed, and consolidated proceedings dismissed on the merits, without costs or disbursements. The petitioner civic associations have legal standing to commence the instant CPLR article 78 proceedings. In *Matter of Dairylea Coop. v Walkley* (38 NY2d 6), the Court of Appeals reiterated its approval of the test by which a petitioner who has shown both that the administrative action will harmfully affect him and that the interest asserted is arguably within the zone of interest to be protected by the statute, will be considered a proper party to seek judicial review. (See, also, *Matter of Fritz v Huntington Hosp.,* 39 NY2d 339, 346, where it was held that a statute envisaging the enforcement of rights without explicitly setting forth who shall have standing to maintain enforcement proceedings will not preclude a party from seeking judicial review where he has suffered injury in fact and arguably falls within the zone of interest.) The alleged injury herein is that the community will be oversaturated with facilities for the mentally disabled. The subject statute, section 41.34 of the Mental Hygiene Law, states which parties have the right to appeal to the Commissioner of the State Office of Mental Retardation and Developmental Disabilities from an adverse decision regarding site selection of a community residence facility (i.e., municipalities and sponsoring agencies). In *Matter of Dairylea Coop. v Walkley* (38 NY2d 6, 11, *supra),* the Court of Appeals declared that "[m]erely because Dairylea lacks the right to intervene in the underlying agency proceedings does not necessarily preclude judicial review". The zone of interest in this case may be

demarcated as including those homeowners residing near the proposed sites and the civic associations representing them. (See *Matter of Di Biase [Piscitelli]*, NYLJ, July 14, 1980, p 14, col 4; *Matter of Douglaston Civic Assn. v Galvin*, 36 NY2d 1, 5-8; *Community Planning Bd. No. 2 of Borough of Manhattan v Board of Stds. & Appeals*, 43 AD2d 670.) The remaining issue before this court is a review of the commissioner's determination that the nature and character of the areas in which the facilities are to be based would not be substantially altered as a result of establishment of these facilities (see Mental Hygiene Law, § 41.34, subd [b], par [5]). Under the statute objectants must demonstrate that establishment of a community residence facility would result in a concentration of the same or similar type facilities such that the nature and character of the areas within the municipality would be altered (see Mental Hygiene Law, § 41.34, subd [b], par [1], cl [C]; par [5]). The Legislature apparently intended that such challenges be sustained only when the evidence offered in opposition was concrete and of a convincing nature. Aside from conclusory allegations by representatives of both petitioner Grasmere Homeowners' Association and Community Planning Board No. 2, no testimony adduced at the hearing indicated that such detrimental alteration would occur (see *Matter of Town of Greenburgh v Coughlin*, 73 AD2d 672, mot for lv to app den 49 NY2d 704; *Town of Hempstead v Commissioner of State of N.Y. Off. of Mental Retardation & Developmental Disabilities*, 78 AD2d 677). On this record we conclude there was sufficient evidence to support the determination under review. Lazer, J.P., Rabin, Cohalan and Bracken, JJ., concur.