■ CRAIG ROBERTS et al., Respondents, and TOWN OF YORKTOWN, Intervenor-Respondent, v ZYGMOND SELZAK, as Acting Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, et al., Appellants, et al., Defendants. — In an action, *inter alia*, to enjoin the use of a certain property as a community residence for the mentally disabled, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), dated February 9, 1982, as granted plaintiffs' motion and the town's application for a preliminary injunction and denied appellants' cross motion to dismiss the action. Order modified by deleting the provision which granted the motion and application for a preliminary injunction and substituting a provision denying said motion and application. As so modified, order affirmed insofar as appealed from, with one bill of $50 costs and disbursements to appellants payable jointly by the plaintiffs and the intervenor. In our opinion, Special Term committed error in granting a preliminary injunction. There has been a failure on the part of the plaintiffs and the intervenor town to demonstrate either the likelihood of their ultimate success on the merits or that they will suffer irreparable injury absent the granting of the preliminary injunction. According to the plaintiffs and the town, the State's proposed purchase of the former Wiltwick School, to establish a series of connected cottage residences for mentally handicapped individuals, when coupled with existing group homes in the town, including the one at issue here, would result in an overconcentration of similar facilities so as to substantially alter the nature and character of the area, within the meaning of subdivision (b) of section 41.34 of the Mental Hygiene Law. However, as we read the statute, only *existing* facilities may be considered on the issue of overconcentration. Moreover, the record reveals that due to budgetary uncertainties, it is unclear as to when, if ever, the purchase of the Wiltwick property will be effected. Furthermore, plaintiffs and the town have failed to demonstrate that if a preliminary injunction is not granted, any subsequent judgment in their favor might be rendered ineffectual (cf. *Schlosser v United Presbyt. Home at Syosset*, 56 AD2d 615). If the plaintiffs and the town prevail and the appellants are ultimately enjoined from using the property as a community residence, it could be used for any other legitimate purpose authorized by the local zoning laws. Damiani, J. P., Titone, Mangano and Brown, JJ., concur.