■ Town of Hempstead, Petitioner, v Commissioner, State of New York Office of Mental Retardation and Developmental Disabilities, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the State Office of Mental Retarda-

tion and Developmental Disabilities, dated November 16, 1981, which, after a hearing, found that the establishment of a community residence facility at a contested location would be appropriate. Determination confirmed, and proceeding dismissed on the merits, without costs or disbursements. Under the Mental Hygiene Law, an objectant to the establishment of community residential facilities must demonstrate that the establishment would result in a concentration of the same or similar type of facilities such that the nature and character of the areas within the municipality would be altered (see Mental Hygiene Law, § 41.34, subd [b], par [1], cl [C]; par [5]). Such challenges will only be sustained when the evidence in opposition is concrete and of a convincing nature. Mere conclusory allegations, absent testimony indicating that such detrimental alteration would in fact occur, is insufficient to meet this burden (see *Grasmere Homeowners' Assn. v Introne*, 84 AD2d 778). Petitioner at bar failed to demonstrate that there would be such detrimental alteration. On this record, we find that the commissioner's determination was supported by substantial evidence. We have considered petitioner's other contentions and find them to be without merit. Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.