In the Matter of EVA THOMAS, on Behalf of Herself and Her Four Minor Children, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent State commissioner, dated February 5, 1982, as denied petitioner a grant for the replacement of furniture. Petition granted to the extent that so much of the determination of the State commissioner as denied petitioner a grant for the replacement of her furniture is annulled, without costs or disbursements, and the matter is remitted to the respondents for a hearing in accordance herewith. The State commissioner correctly held that the theft of petitioner's furniture did not constitute a "catastrophe" within the meaning of section 131-a (subd 6, par [a]) of the Social Services Law (see Matter of Howard v Wyman, 28 NY2d 434). However, under the circumstances (including the fact that, as the State commissioner noted in her determination, the local agency was incorrect in denying a grant for moving expenses), petitioner is entitled to a hearing on the issue of whether she is eligible for a grant for replacement of her furniture pursuant to sections 131-a (subd 6, par [b]) and 350-j of the Social Services Law (see Matter of Lefebre v Blum, 92 AD2d 9). Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.

In the Matter of TOWN OF HEMPSTEAD, Petitioner, v COMMISSIONER OF STATE OF NEW YORK OFFICE OF MENTAL HEALTH et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of State of New York Office of Mental Health, dated December 23, 1982, which, after a hearing, found that the establishment of a community residence facility at a contested location would be appropriate. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. On this record, we find that the commissioner's determination was supported by substantial evidence. The commissioner was correct in concluding that the two other facilities in the area were not the same or of similar type as the proposed facility, and they therefore did not have to be considered in a determination of whether the nature and character of the area in question would be altered by the establishment of the proposed facility. We note further that although the commissioner neglected to discuss the need for the proposed facility in his decision, in an affidavit submitted with his answer to the instant petition, he stated that a discussion of need was inadvertently omitted, and that he did in fact find that such a need existed. Accordingly, it is unnecessary to remit the matter to the commissioner for a further determination on that question. Lazer, J. P., Gibbons, Weinstein and Boyers, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BRYANT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hentel, J.), rendered April 8, 1981, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised upon appeal. Counsel's application for leave to withdraw as counsel is granted. (See Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606.) Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.