■ In the Matter of TOWN OF HEMPSTEAD, Petitioner, v COMMISSIONER OF STATE OF NEW YORK OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner, State of New York Office of Mental Retardation and Developmental Disabilities (hereinafter the Commissioner), dated January 30, 1985, which, after a hearing pursuant to Mental Hygiene Law § 41.34, found that the establishment of a community residential facility at a contested location would be appropriate.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

The petitioner bore the burden of proof at the Padavan hearing, held on December 5, 1984, of adducing concrete and convincing evidence that the establishment of this proposed facility would result in both an overconcentration of similar facilities in the area and a substantial alteration of the nature and character of the community *(see,* Mental Hygiene Law § 41.34 [c] [5]; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 97 AD2d 826; *Town of Hempstead v Commissioner, State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 89 AD2d 850; *Grasmere Homeowners' Assn. v Introne,* 84 AD2d 778). The record reveals that the petitioner failed to meet this burden and that the Commissioner's determination was supported by substantial evidence *(see, e.g., Matter of Town of Oyster Bay v Commissioner of State of N. Y. Off. of Mental Health,* 112 AD2d 241).

We have examined the petitioner's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.