■ In the Matter of TOWN OF OYSTER BAY, Petitioner, v OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, dated October 11, 1984, which, after a hearing, found that the establishment of a community residence facility in the Town of Oyster Bay would be appropriate.

Determination confirmed and proceeding dismissed on the merits, with costs.

Although need should be considered by the Commissioner in determining the appropriateness of the establishment of a community residence facility, the party contesting its establishment must show that it would result in a concentration of the same or similar facilities so that the nature and character of the area would be altered (see, Mental Hygiene Law § 41.34 [c] [5]; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 112 AD2d 1042; *Town of Hempstead v Commissioner, State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 89 AD2d 850; *Town of Pound Ridge v Introne,* 81 AD2d 890). Such challenges may be sustained only when the evidence offered in opposition is concrete and of a convincing nature *(Grasmere Homeowners' Assn. v Introne,* 84 AD2d 778). The petitioner's allegations are conclusory and speculative. Moreover, when determining saturation, the Commissioner need only consider existing facilities *(Roberts v Selzak,* 89 AD2d 559). On this record, there was no convincing testimony that such a detrimental alteration would occur. In sum, we find that the Commissioner's determination was based on substantial evidence. Additionally, the petitioner's other contentions are without merit as the matters raised in those contentions are not relevant to the issue of saturation and alteration of the character of the community *(see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities, supra,* p 1043; *Town of Hempstead v Commissioner, State of N. Y. Off. of Mental Retardation & Developmental Disabilities, supra,* p 851). Mangano, J. P., Gibbons, Niehoff and Spatt, JJ., concur.