■ In the Matter of TOWN OF HEMPSTEAD, Petitioner, v COMMISSIONER OF THE STATE OF NEW YORK OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities dated March 20, 1986, which, after a hearing, found that the establishment of a community residential facility in the Town of Hempstead would be appropriate.

Adjudged that the determination is confirmed and proceeding is dismissed on the merits, with one bill of costs.

On this record we find that the Commissioner's determination was supported by substantial evidence. The petitioner failed to meet its burden of proof at a hearing by adducing concrete and convincing evidence that the establishment of this proposed facility would result in both an overconcentration of similar facilities in the area and a substantial alteration of the nature and character of the community (see, Mental Hygiene Law § 41.34 [c] [5]; Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities, 119 AD2d 582; Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health, 97 AD2d 826).

Further, the record indicates that the Commissioner adduced evidence of the need for the facility in both Nassau County and the Town of Hempstead (cf., Mental Hygiene Law § 41.34 [c] [5]; Town of Pound Ridge v Introne, 81 AD2d 885).

We have considered the petitioner's other contentions and find them to be without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.