■ In the Matter of POLO PARK CIVIC ASSOCIATION et al., Appellants, v JOHN KIERNAN, as Supervisor of the Town of North Hempstead, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents John Kiernan and Town Board of the Town of North Hempstead to object to the proposed establishment of a community residence for mentally disabled persons, to request an immediate hearing pursuant to Mental Hygiene Law § 41.34, and to prohibit the issuance of a certificate for the operation of the community residence, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated April 7, 1987, which, *inter alia,* dismissed the petition.

Ordered that the judgment is affirmed, with costs.

On June 13, 1986, the respondent John Kiernan, Supervisor of the Town of North Hempstead, received notification that the respondent Epilepsy Foundation of Nassau County (hereinafter EFNC) desired to establish a certain community residence for mentally disabled persons in the Town of North Hempstead. The town subsequently declined to submit a formal response within 40 days of the receipt of the notice pursuant to Mental Hygiene Law § 41.34 (c) (1). By letter dated July 29, 1986, EFNC advised Kiernan that it would proceed with the development of the facility. The petitioners, an association of owners, residents, and occupants of homes located in the immediate vicinity of the proposed site, thereupon requested that the town formally object to the establishment of the residence. The petitioners further requested that an immediate hearing be held before the respondent commissioner to determine whether the establishment of such a facility would create an overconcentration of similar facilities in the proximity of the proposed site, and whether the nature and character of the community would be substantially altered thereby. The town, however, did not respond to the request, whereupon the petitioners commenced the instant proceeding on or about October 31, 1986. The court thereafter dismissed the petition for failure to state a cause of action.

We conclude that the court properly dismissed the petition. Pursuant to Mental Hygiene Law § 41.34 (c) (1), EFNC was entitled to establish the proposed facility upon the failure of the town to submit a formal response within 40 days of receipt of the notice *(see, Matter of Town of Stony Point v New York State Off. of Mental Retardation & Developmental Disabilities,* 78 AD2d 858). The decision by the town not to respond was clearly a discretionary act, and mandamus will not lie to review such a determination *(see, Klostermann v Cuomo,* 61 NY2d 525). The petitioners' remaining contentions, including their constitutional challenge to the subject law, do not compel us to reach a different result. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.