■ In the Matter of TALISMAN DRIVE CIVIC ASSOCIATION, INC., Petitioner, v ARTHUR Y. WEBB, as Chairman of the State of New York Office of Mental Retardation and Developmental Disabilities, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Office of Mental Retardation and Developmental Disabilities, dated May 2, 1986, which, after a hearing, found that the establishment of a community residential facility at a contested location would be appropriate.

Adjudged that the determination is confirmed and proceeding is dismissed on the merits, with costs.

It is well settled that the party contesting the establishment of a community residential facility for the disabled must show that it will result in a concentration of the same or similar facilities such that the nature and character of the area will be altered *(see,* Mental Hygiene Law § 41.34 [c] [5]; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 121 AD2d 388; *Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 119 AD2d 582; *see generally, Crane Neck Assn. v New York City/ Long Is. County Servs. Group,* 61 NY2d 154, *appeal dismissed and cert denied* 469 US 804). Such challenges may only be sustained when the evidence offered in opposition is of a concrete and convincing nature *(see, Grasmere Homeowners' Assn. v Introne,* 84 AD2d 778). The record reveals that the petitioner failed to offer evidence of that nature and that the respondent Webb's determination was supported by substantial evidence *(see, Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

We note that, contrary to the respondents' contention, the petitioner did have standing to commence the instant proceeding *(see, Grasmere Homeowners' Assn. v Introne, supra).* Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.