■ In the Matter of NEIL HALLENBECK et al., Petitioners, v

ARTHUR Y. WEBB, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which approved the establishment of a community residential facility for the developmentally disabled.

The issue before us is whether substantial evidence supports respondent's finding of a need for a community residential facility in the Village of Ravena, Albany County, and that an overconcentration of such facilities in the municipality or in the immediate area of that location will not result. Mental Hygiene Law § 41.34 (c) (5) dictates that when a municipality objects to the establishment of a facility, respondent is required to consider the need for the facility in the municipality, the existing concentration of similar facilities in the municipality or in the area in proximity to the site selected, and the effect of the new facility on the character of the area.

Pursuant to this mandate in the Mental Hygiene Law, a hearing was held during which the following facts were elicited regarding the need for the new facility. O. D. Heck/Eleanor Roosevelt Community Services (hereinafter the Agency) proposed to develop a community residence for eight developmentally disabled young adults at 4 Hillcrest Drive, an existing one-family house in the village. Testimony indicated that 350 persons were on a waiting list for community residence placement, 95 of whom have Albany County as their county of origin. In addition, 157 children in the local school district receive special education, some of whom will require a community residence in the future. Regarding the concentration of similar homes in the village, the testimony identified (1) a home with a capacity for 15, located 1.2 miles from the proposed site, (2) three supportive apartments in the village occupied by six clients who live semiindependently and which are not considered community residences, and (3) two community residences in adjoining communities, which are 1.8 and 2.1 miles from the proposed site.

The proposed site is in a separate and distinct neighborhood from the other residences. The nature of the operation would consist of full-time staff supervision of the residents who would be escorted whenever they left the residence. The building would not undergo any major changes except for ramps to accommodate wheelchairs and the conversion of the garage into bedrooms. The Agency contended that the pro-

posed residence and other existing living facilities of like nature constituted less than 1% of the village population.

Petitioners all reside in the village, two on Hillcrest Drive and one on a nearby street. They presented a study relating to the concentration of such facilities in Albany County which indicated that the village had 1.1% of the population in Albany County and had 1.8% of the residential clients in Albany County. Testimony was offered as to the impact of the residence upon the community.

Respondent's determination rejecting petitioners' objections should be confirmed. The findings of respondent support the need for the facility. Also, the evidence adduced at the hearing fell below the needed showing that a substantial alteration of the nature and character of the community would ensue (see, *Matter of Fisher v Webb,* 136 AD2d 806; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 112 AD2d 1042). The number of such facilities in the area did not indicate any overconcentration. In fact, this would be the only such residence in this particular neighborhood. Petitioners' fears as to the possibility of increased traffic, parking problems and increased need for municipal services are understandable but have neither been demonstrated by petitioners nor adequately addressed by the Agency.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.