■ In the Matter of TOWN OF BRUNSWICK, Petitioner, v ARTHUR Y. WEBB, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondent Commissioner of Mental Retardation and Developmental Disabilities which approved the establishment of a community residence facility for the developmentally disabled.

Respondent Residential Opportunities, Inc. (hereinafter ROI) gave notice pursuant to Mental Hygiene Law § 41.34 (c) (1) to petitioner, the Town of Brunswick in Rensselaer County, of its intent to establish a community residential facility at 556 Pinewoods Avenue in the town. Petitioner objected to the location of the facility upon the ground that establishment of the proposed site would substantially alter the character and nature of the area. It requested a hearing, pursuant to Mental Hygiene Law § 41.34 (c) (5), resulting in a determination by

respondent Commissioner of Mental Retardation and Developmental Disabilities that petitioner's objection could not be sustained. Petitioner commenced this CPLR article 78 proceeding to annul the Commissioner's determination. Supreme Court transferred the proceeding to this court pursuant to CPLR 7804 (g).

The Commissioner's determination should be confirmed and the petition dismissed. Initially, ROI's failure to include the complete registry of community residential facilities in its notice to petitioner, as required by Mental Hygiene Law § 41.34 (c) (1), was harmless and did not invalidate the proceedings. Petitioner was in possession of the complete registry and, in fact, offered it into evidence at the hearing, thereby eliminating any claim of prejudice *(see, Town of Pleasant Val. v Wassaic Developmental Disabilities Servs. Off.,* 92 AD2d 543, 544). Further, we conclude that there was substantial evidence in the record to support a finding of need for the facility. Petitioner concedes an adequate showing of need within Rensselaer County but contends that there was no showing of need in the area of the proposed site. However, the demonstrated need within the county is sufficient, as a matter of law, to justify the location of a residence in petitioner, absent some indication of overconcentration in the proximity of the proposed site *(see, Matter of City of Newburgh v Webb,* 124 AD2d 371, 372; *Matter of Town of Pound Ridge v Introne,* 81 AD2d 890).

Finally, petitioner offered insufficient evidence that establishment of the facility on the proposed site would substantially alter the nature and character of the area *(see,* Mental Hygiene Law § 41.34 [c] [5]; *Matter of Hallenbeck v Webb,* 142 AD2d 852, 853). The conclusory opinion of petitioner's real estate expert that establishment of the proposed facility would depreciate the value of properties and substantially, adversely affect the nature and character of the surrounding community was properly rejected since it "was based on mere speculation and failed to show, by evidence of a concrete and convincing nature, that any such change would occur" *(Matter of Town of Oyster Bay v Commissioner of State of N. Y. Off. of Mental Health,* 112 AD2d 241, 242). Residents' expressed concerns over fire and traffic safety, safety of clients and of children in the area, adequacy of parking and sewage disposal, and the potential threat to a local stream were speculative and undocumented *(see, Town of Hempstead v Commissioner, State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 89 AD2d 850, 851).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.