■ In the Matter of TOWN OF POUGHKEEPSIE, Petitioner, v ARTHUR Y. WEBB, as Commissioner of New York State Office of Mental Retardation and Developmental Disabilities, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of New York State Office of Mental Retardation and Developmental Disabilities, dated July 11, 1988, which, after a hearing, denied the petitioner's objection to the establishment of a proposed community residential facility.

Adjudged that the determination is confirmed and the petition is dismissed, with costs.

We find that the Commissioner's determination was supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180-181). The petitioner failed to meet its burden of proof by adducing concrete and convincing evidence that the establishment of the facility would result in both an overconcentration of similar facilities in the area and a substantial alteration of the nature and character of the community *(see,* Mental Hygiene Law § 41.34 [c] [5]; *Town of Ramapo v Webb,* 137 AD2d 518; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 131 AD2d 681; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 121 AD2d 388, 389).

The petitioner's contention that Mental Hygiene Law § 41.34 (c) (5) is void for vagueness is without merit. The statute's language is sufficiently clear to apprise administrative officials of the standards they must follow *(see, Incorporated Vil. of Old Field v Introne,* 104 Misc 2d 122; *cf., Matter of Nicholas v Kahn,* 47 NY2d 24, 31). Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.