■ In the Matter of CITY OF BEACON, Petitioner, v RICHARD C. SURLES, as Commissioner of Mental Health, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Appellate Division, Second Department) to review a determination of respondent Commissioner of Mental Health which approved the establishment of a community residential facility for the disabled in the City of Beacon, Dutchess County.

The issues presented for our review of this determination of respondent Commissioner of Mental Health are (1) whether the determination finding that a proposed community residence within petitioner, a city in Dutchess County, would not create an overconcentration of community residences or similar facilities and would not substantially alter the nature and character of the area, is supported by substantial evidence, and (2) whether the Commissioner was biased so as to render his determination invalid. In our view the determination is supported by substantial evidence and there was no showing that the Commissioner's determination was affected by bias. The determination should, therefore, be confirmed and the petition dismissed.

Respondent Gateway Community Industries, Inc. (hereinafter Gateway) notified petitioner's Mayor that it wanted to establish a community residence for a maximum of 12 mentally disabled persons at a particular location within petitioner. Petitioner objected pursuant to Mental Hygiene Law § 41.34 (c) (1) on the grounds that there was a failure to show a need for such residence and that it would create an overconcentration of community residences in the area. A fact-finding hearing was held before a Hearing Officer at which testimony was taken from witnesses produced by both those in favor and those opposed to the community residence. The Commissioner thereafter rejected petitioner's objections and authorized Gateway to proceed with establishing the residence. Petitioner

then commenced this CPLR article 78 proceeding to review the Commissioner's determination.

In our view, sufficient evidence was presented at the hearing to establish the need for the proposed community residence within petitioner (see, Matter of Town of Brunswick v Webb, 145 AD2d 844). These objections to the residence failed to show that there would be an overconcentration of similar facilities either in the municipality or in the area in close proximity to the proposed site (see, Matter of Hallenbeck v Webb, 142 AD2d 852, 853; Matter of Fisher v Webb, 136 AD2d 806). The Hearing Officer properly rejected petitioner's argument that the Mount Beacon Hotel (a single-room occupancy hotel which provides temporary shelter to homeless persons) and Hedgewood (a private proprietary home for those who function without need of supervision), both located within petitioner, should be considered as similar facilities in resolving the issue of overconcentration in proximity to the proposed site (see, Mental Hygiene Law § 41.34 [c] [5]; see also, Matter of Village of Newark v Introne, 84 AD2d 936, 937; Matter of Town of Onondaga v Introne, 81 AD2d 750). Only one similar residential facility was shown to be located within petitioner and therefore subject to consideration on the issue of concentration. It was a 10-bed facility for the mentally retarded but it was not demonstrated to be in close proximity to the proposed site (see, Matter of Hallenbeck v Webb, supra, at 853-854). Petitioner also failed to establish that the proposed single-family community residence would substantially alter the nature and character of the residential neighborhood (see, supra, at 854).

Petitioner's remaining argument is that the Commissioner has a demonstrated policy of deinstitutionalizing mentally ill individuals and integrating them into the general population thus indicating a bias in favor of the establishment of group facilities, which deprives petitioner of a fair and impartial hearing. This argument is not persuasive. Petitioner's failure to show actual rather than potential bias defeats its contention (see, Matter of Warder v Board of Regents, 53 NY2d 186, 197; Matter of Amos v Board of Educ., 54 AD2d 297, 304, affd 43 NY2d 706; Matter of Felin Assocs. v Altman, 41 AD2d 825, affd 34 NY2d 895).

It is the State's policy to deinstitutionalize those with mental disabilities (see, Crane Neck Assn. v New York City/Long Is. County Servs. Group, 61 NY2d 154, 160, cert denied 469 US 804; Matter of Fisher v Webb, 136 AD2d 806, supra). Efforts by the Commissioner to implement this policy should not, with-

out more, exclude him from his decision-making function. Moreover, an administrator's prejudgment of general questions of law or policy, as opposed to facts, does not require his/her disqualification *(Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.,* 75 NY2d 158, 161-162).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.