■ In the Matter of the TOWN OF HEMPSTEAD, Petitioner, v COMMISSIONER OF STATE OF NEW YORK OFFICE OF MENTAL HEALTH et al., Respondents. (Appeal No. 1.)—Determination unanimously confirmed without costs and petition dismissed. Memorandum: The Commissioner of Mental Health determined that there was a need in Nassau County for additional community residence facilities for mentally disabled persons; that the establishment of the proposed facility within the Town of Hempstead would not result in an overconcentration of residential programs within the community of North Merrick or the three-mile area surrounding the proposed site; and that the proposed facility would not substantially alter the nature and character of the area. These findings are supported by substantial evidence in the record.

There is no merit to petitioner's contention that, although the Commissioner demonstrated a need for residential facilities in Nassau County, he failed to demonstrate that there was a need for such facilities within the Town of Hempstead or community of North Merrick. A demonstration of need within the county is sufficient to justify the location of a residence within a town, absent proof of an overconcentration of facilities within the area of the proposed site (see, Mental Hygiene Law § 41.34 [c] [5]; Matter of Town of Brunswick v Webb, 145 AD2d 844, 845; Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities, 121 AD2d 388, 389; Matter of Town of Pound Ridge v Introne, 81 AD2d 890). The record does not support petitioner's remaining contention that the Commissioner failed to consider all "similar facilities" in making his determination (Mental Hygiene Law § 41.34 [c]

[5]). (Article 78 Proceeding Transferred by Order of Supreme Court, Nassau County, Morrison, J.) Present—Denman, J. P., Green, Balio, Davis and Lowery, JJ.