In the Matter of the TOWN OF HEMPSTEAD, Petitioner, v COMMISSIONER OF STATE OF NEW YORK OFFICE OF MENTAL HEALTH et al, Respondents. (Appeal No. 3.)—Determination unanimously confirmed without costs and petition dismissed. Memorandum: We find that the Commissioner's determination was supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180-181). The petitioner failed to meet its burden of proof by adducing clear and convincing evidence that the establishment of the proposed facility would result in both an overconcentration of similar facilities and a substantial alteration of the nature and character of the community (Mental Hygiene Law § 41.34 [c] [5]; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 131 AD2d 681; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 121 AD2d 388, 389; *Grasmere Homeowners' Assn. v Introne,* 84 AD2d 778). In addition, in assessing the need for the facility within the municipality, the Commissioner properly considered the need within Nassau County and was not required to look to the town or the particular area *(see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health* ([appeal No. 1], 170 AD2d 1050 [decided herewith]; *Matter of Town of Brunswick v Webb,* 145 AD2d 844; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 121 AD2d 388, *supra; Matter of Town of Pound Ridge v Introne,* 81 AD2d 890). (Article 78 Proceeding Transferred by Order of Supreme Court, Nassau County, Molloy, J.) Present—Denman, J. P., Green, Balio, Davis and Lowery, JJ.