OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a CPLR article 78 proceeding to set aside a determination of Community Board No. 7 not to object to the establishment of a proposed community residence for mentally retarded adults. The residence, proposed by the respondent Association for the Help of Retarded Children, would house 10 mildly retarded adults on a permanent basis, together with supervisory staff. The residents would have no disabilities other than retardation. The petitioners are eight nearby homeowners. For the reasons stated below, the petition is dismissed.
Pursuant to Mental Hygiene Law § 41.34 (c) (1), the role of the Community Board in this matter is limited to a consideration of the proposal, followed by one of four courses of action: approval, suggestion of alternate sites, objection, or making no response. The Community Board may only object on the ground that establishment of the facility, together with existing facilities, would result in a concentration of such facilities as to "substantially alter” the nature and character of the community. The Community Board may, at its option, hold a public hearing on the matter. If the Community Board objects, the matter then may be presented to the Commissioner of Mental Health, who makes the final ruling.
In this case, the Community Board held a public hearing, and approved the application.
Petitioners point to no defect in the procedure followed by the Board. Rather, they contend that the evidence presented at the hearing against the proposal was of such strength and weight that the failure of the Board to object to the proposal was unreasonable, arbitrary and capricious.
Initially, it should be pointed out that the Board is under no obligation to object to the proposal even if it does conclude that the facility will substantially alter the neighborhood. Rather, its power to object is limited to that objection alone. (Mental Hygiene Law § 41.34 [c] [1].) It may well conclude that the public benefits of the proposal outweigh any deleterious effects.
In Matter of Polo Park Civic Assn. v Kiernan (133 AD2d 116), for example, the local authority held no hearing, and *612 chose to make no response to the proposal. It was held that its decision was a discretionary act, not reviewable by way of mandamus. The fact that the Community Board in this case held a public hearing does not make its ultimate choice reviewable, by way of mandamus, certiorari to review, or otherwise. Cases such as Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities (119 AD2d 582), or Grasmere Homeowners’ Assn. v Introne (84 AD2d 778), are not to the contrary. They deal with final determinations by the Commissioner pursuant to Mental Hygiene Law § 41.34 (c) (5), and not with the initial determination by a municipality whether or not to object to a proposed facility. Petitioners point to no authority for the proposition that the Board can be compelled to make such objections, and the petition should be dismissed for this reason alone.
Further, the factual allegations of the petition are uniformly speculative and conclusory. Petitioners show no evidence that the proposed residence, by itself or in combination with other existing facilities, will substantially alter the character of the community. That there may be other such facilities within a distance of a few blocks, or even that there may be many such facilities within the area of the Community Board as a whole, is hardly enough to show a substantial alteration in character.
Any time that a new neighbor moves onto a street, the character of the immediate neighborhood must change, at least a little. That is an unavoidable consequence of the fact that no two people are exactly alike. The residents of the proposed facility will be 10 mildly retarded adults. Certainly, their presence on the block will change its character somewhat. Petitioners offer no proof, however, that the change will be substantial or even that the change will necessarily be for the worse. The Association for the Help of Retarded Children, which proposed the residence, has submitted the affidavit of its associate director, in which he states that the residents will be essentially normal except for their retardation, without other mental illness, behavioral problems, or addiction. The petitioners have shown no evidence to the contrary. Their objections, in fact, appear to be based on nothing more substantial than speculation and prejudice.
The petition is accordingly dismissed.