■ In the Matter of the CITY OF GLEN COVE, Petitioner. COMMISSIONER OF THE NEW YORK STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, dated August 30, 1989, which, after a hearing,

upheld the plan of Nassau Association for the Help of Re-
tarded Children to establish a community residence for re-
tarded and developmentally disabled persons at a proposed
site in Glen Cove and rejected alternate sites proposed by the
City of Glen Cove.

Adjudged that the determination is confirmed, and the
proceeding is dismissed on the merits, with costs to the
respondent Commissioner of the New York State Office of
Mental Retardation and Developmental Disabilities.

The Commissioner used the proper standard when he found
that the alternative sites suggested by the municipality, which
had previously been rejected by the sponsoring agency, were
not superior to the site proposed by the sponsoring agency
(see, Matter of City of Glen Cove v Surles, 157 AD2d 657;
Matter of Town of Brookhaven v Katz, 143 AD2d 1023; Town
of Ramapo v Webb, 137 AD2d 518; Matter of Town of Oyster
Bay v Webb, 111 AD2d 760). The record contains substantial
evidence to support the Commissioner's determination that
the alternative sites were not superior to the proposed site
(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,
45 NY2d 176). The evidence did not establish that the commu-
nity residential facility would substantially alter the character
and nature of the neighborhood (see, Mental Hygiene Law
§ 41.34 [c] [5]; Matter of Town of Hempstead v Commissioner of
State of N. Y. Off. of Mental Retardation & Developmental
Disabilities, 121 AD2d 388; Town of Hempstead v Commis-
sioner, State of N. Y. Off. of Mental Retardation & Develop-
mental Disabilities, 89 AD2d 850). Bracken, J. P., Lawrence,
Miller and O'Brien, JJ., concur.