In the Matter of CITY OF KINGSTON, Petitioner, v RICHARD C. SURLES, as Commissioner of the New York State Office of Mental Health, et al., Respondents.

Third Department, April 30, 1992

70

APPEARANCES OF COUNSEL

*Marianne Mizel, Corporation Counsel (Philip W. Kirschner* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Patrick Barnett-Mulligan* and *Peter G. Crary* of counsel), for respondents.

**OPINION OF THE COURT**

WEISS, P. J.

■ This proceeding presents for review a determination made by respondent Commissioner of Mental Health which found that petitioner failed to sustain its burden of proving that the establishment of a community residence for 12 psychiatrically disabled adults in the City of Kingston, Ulster County, would result in a concentration of similar facilities in the area for which the program is proposed that would substantially alter the nature and character of the area *(see,* Mental Hygiene Law § 41.34 [c] [5]). We agree and confirm the determination.

The facts simply stated are as follows. After respondent Office of Mental Health (hereinafter OMH), which operates the Hudson River Psychiatric Center (an adult psychiatric facility) in Dutchess County, notified petitioner that it intended to establish a community residence at 9-11 East Chestnut Street in the City, petitioner submitted objections on the ground that the City already had 14 community residences that met OMH's description of similar facilities *(see,* Mental Hygiene Law § 1.03 [6]; § 41.34 [c] [5]) and that the instant proposal, if approved, would result in a saturation of community residences within the City. Petitioner further stated that the proposal would substantially alter the nature and character of the neighborhood in which the community residence would be located and that the City's tax base would be further eroded. Prior to the administrative hearing, petitioner, pursuant to the Freedom of Information Law (hereinafter FOIL), requested that it be provided with, *inter alia,* (1) the anticipated purchase price of the property, (2) the cost of renovations, (3) the proposed floor plan, and (4) a list of alternative

sites considered and rejected by OMH.[1] Counsel for OMH furnished items (1), (2) and (3), but refused to provide documentation of alternate sites on the ground that "such documents are intra-agency evaluative materials exempt from disclosure pursuant to Public Officers Law section 87 (2) (g)". However, OMH did identify eight alternate sites in the City which it had reviewed prior to its selection of the East Chestnut Street site. Although petitioner was advised of its right to appeal the determination to withhold certain of the documents demanded, the record is devoid of any indication that petitioner made an administrative appeal or sought judicial review of that determination.

After the hearing, the Hearing Officer found that there was a need for the facility in Ulster County, that the facility would not result in a concentration of such facilities in the City or in the area of the subject location, and that neither the nature nor character of the subject area would be substantially altered by the community residence because of a buffer of "significant architectural, socio-economic, [and] landscape factors", as well as an "expert delineation of the boundaries of the true 'neighborhood' by the City". The Hearing Officer found that these factors allowed for the conclusion that an overconcentration of community residences would not exist in this area. The Commissioner's adoption of the Hearing Officer's finding and recommendations has given rise to this CPLR article 78 proceeding.

■ Petitioner's initial argument is focused upon the Hearing Officer's refusal to admit evidence to prove the existence of two buildings in proximity to the proposed facility at which persons who receive or formerly received in-patient psychiatric care either did or would reside.[2] We disagree with petitioner's contention. The Mental Hygiene Law does not contemplate that a boarding house which requires neither licensing nor certification be included as a similar facility for purposes of oversaturation (Mental Hygiene Law § 41.34 [c] [5]; *see, Matter of City of Beacon v Surles,* 161 AD2d 945, 946, *appeal*

---

1. The September 26, 1989 letter from petitioner which contained the demand for information pursuant to FOIL does not appear to have been included in the record. However, the response from the assistant counsel to OMH is included, from which information about the demand letter has been gleaned.

2. The specific locations were an existing boarding house on West Chestnut Street and a proposed boarding house at 147 Albany Avenue not yet in operation at the time of the hearing.

*dismissed* 76 NY2d 936; *Matter of Village of Newark v Introne,* 84 AD2d 936, 937). The critical factor in qualifying another facility for consideration under Mental Hygiene Law § 41.34 (c) (5) is whether such other facility provides its residents with " '[s]ervices for the mentally disabled'[, which] means examination, diagnosis, care, treatment, rehabilitation, or training of the mentally disabled" (Mental Hygiene Law § 1.03 [4]). Petitioner has not demonstrated that the boarding house here provides such services. Further, the definition of a " '[f]acility' " under the Mental Hygiene Law does not include places not required to be *licensed* or which provide solely domestic care and comfort to a person (Mental Hygiene Law § 1.03 [6]; *cf., Matter of Village of Is. Park v Commissioner of N. Y. State Off. of Mental Health,* 166 AD2d 450, 451). Moreover, since the proposed boarding house at 147 Albany Avenue was not yet operational, the Hearing Officer properly excluded it *(see, Matter of Town of Oyster Bay v Office of Mental Retardation & Developmental Disabilities,* 121 AD2d 389, 390).

■ We find similarly unpersuasive petitioner's next contention that the Commissioner erred in considering the evidence of the over-all need for community residences in Ulster County instead of limiting the need to only the City. A demonstration of need within a county is sufficient to justify the location of a residence within a town or city, absent proof of overconcentration in the proximity of the proposed site *(see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 170 AD2d 1050; *Matter of Town of Brunswick v Webb,* 145 AD2d 844, 845).

■ Petitioner's contention that the nature and character of the surrounding area would be adversely affected is in reality predicated more on the loss of real property tax revenues. Petitioner's brief focuses upon the possible decline of property values and erosion of its tax base because of tax-exempt property owned by various governmental and social service organizations. Testimony by petitioner's two real estate experts was unsubstantiated and not based upon specific studies, reports or other documentation. One public official candidly testified that it was this specific community residence which was objectionable and that some other tax-exempt entity would not be. Conclusory opinions based more on speculation than upon concrete and convincing evidence that the nature and character of the surrounding community would be adversely affected fail to satisfy the criteria required to sustain a municipality's objection to the establishment of a community

residential facility (Mental Hygiene Law § 41.34 [c] [5]; *see, Matter of Town of Brunswick v Webb, supra,* at 845; *Matter of Town of Bedford v State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 144 AD2d 473, 474; *Grasmere Homeowners' Assn. v Introne,* 84 AD2d 778, 779). We further conclude that there was substantial evidence in the record to support a finding of the need for the facility *(see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 166 AD2d 709; *Matter of Town of Poughkeepsie v Webb,* 157 AD2d 664).

Finally, we note that petitioner's failure to exhaust its administrative remedies under FOIL, although advised of its right to do so, has resulted in its failure to preserve its right to judicial review *(see,* Public Officers Law § 89 [4] [a]; *Matter of Kurland v McLaughlin,* 122 AD2d 947, 949).

MIKOLL, MERCURE and CREW III, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.