◼ In the Matter of TOWN OF CHEEKTOWAGA, Petitioner, v ELIN M. HOWE, as Commissioner of State of New York Office

of Mental Retardation and Developmental Disabilities, Respondent. [615 NYS2d 190] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The Commissioner's determination is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180-181). The Town of Cheektowaga (Town) failed to meet its burden of adducing clear and convincing evidence that the establishment of the proposed facility would result in both an overconcentration of similar facilities and a substantial alteration of the nature and character of the community *(see,* Mental Hygiene Law § 41.34 [c] [5]; *Matter of Town of Hempstead v Commissioner of N. Y. Off. of Mental Health,* 170 AD2d 1052; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 166 AD2d 709). The record supports the Commissioner's determination that there is a need for the proposed facility within Erie County sufficient to justify its location within the Town *(see, Matter of Town of Hempstead v Commissioner of N. Y. Off. of Mental Health,* 170 AD2d 1050). The Commissioner properly determined that the sponsoring agency fully considered the alternate sites proposed by the Town and properly rejected them as unacceptable *(see, Matter of Town of DeWitt v Surles,* 187 AD2d 969, 970; *Matter of Town of Gates v State of N. Y. Off. of Mental Retardation & Dev. Disabilities,* 143 AD2d 517). We agree with the Commissioner that the sponsoring agency was not required to consider additional proposals after allowing the Town two opportunities to suggest alternate sites *(see,* Mental Hygiene Law § 41.34 [c] [4]). (Article 78 Proceeding Transferred by Order of Supreme Court, Erie County, Mintz, J.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.