■ In the Matter of Board of Trustees of the Incorporated Village of Valley Stream, Petitioner, v New York State Office of Mental Health et al., Respondents. [625 NYS2d 238] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Mental Health, dated July 6, 1993, which, after a

hearing, found that the respondents may proceed with the establishment of a community residence facility at a proposed site in the Incorporated Village of Valley Stream.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Undisputed evidence supports the Commissioner's determination that there was a need for the proposed community residence facility. The Village failed to meet its burden of adducing clear and convincing proof that the establishment of this facility would result in an overconcentration of the same or similar facilities so as to substantially alter the nature and character of the area (see, Mental Hygiene Law § 41.34 [c] [5]; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 191 AD2d 572; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 166 AD2d 709). Moreover, the record contains substantial evidence to support the Commissioner's determination that the Village's proposed alternative sites were not superior to the proposed site (see, *Matter of City of Glen Cove v Commissioner of N. Y. State Off. of Mental Retardation & Dev. Disabilities,* 175 AD2d 243). Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.