■ In the Matter of City of Rome, Petitioner, v New York
State Office of Mental Retardation and Developmental
Disabilities et al., Respondents. (Proceeding No. 1.) [627 NYS2d
490] —Determination unanimously confirmed without costs and
petition dismissed. Memorandum: We conclude that there is

substantial evidence to support the Commissioner's determination that the proposed community residential facilities are needed to replace two large intermediate-care facilities that are in poor condition *(see, Matter of Town of Cheektowaga v Howe,* 206 AD2d 948, 949). Petitioner does not challenge the need for the facilities, but maintains that they would create an overconcentration because of the existence of 23 similar facilities within the city.

A party challenging the establishment of a proposed community residential facility must demonstrate by clear and convincing evidence that the proposed facility would cause an oversaturation of similar facilities in the area to such an extent that " 'the nature and character of the areas within the municipality would be altered' " *(Matter of Town of Hempstead v Commissioner of N. Y. Off. of Mental Health,* 170 AD2d 1051, quoting *Grasmere Homeowners' Assn. v Introne,* 84 AD2d 778, 779). Petitioner failed to meet its burden of adducing clear and convincing evidence that the establishment of the proposed facilities would result in an overconcentration of similar facilities and a substantial alteration of the nature and character of the community *(see, Matter of Town of Cheektowaga v Howe, supra; Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 170 AD2d 1052). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Shaheen, J.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.