■ In the Matter of GERDA BARTNIK et al., Respondents, v THOMAS A. MAUL, as Commissioner of the State of New York Office of Mental Retardation and Developmental Disabilities, et al., Appellants. [636 NYS2d 815] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the State of New York Office of Mental Retardation and Developmental Disabilities, dated May 2, 1994, which, after a hearing, found that St. Agatha Home of New York Foundling Hospital may proceed with the purchase of a new site for a community residence facility at a specified location within

the Village of Pelham Manor, the appeal is from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Fredman, J.), entered October 11, 1994, as denied the motion by St. Agatha Home of New York Foundling Hospital to dismiss the amended petition and granted the amended petition to the extent of annulling the determination.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the determination is reinstated, the motion to dismiss the amended petition is granted, and the amended petition is dismissed.

The petitioners failed to establish that they had standing to bring the instant petition (see, Mental Hygiene Law § 41.34 [c] [1] [C]). While individuals may have standing to bring a proceeding to challenge the Commissioner's ultimate determination based on over concentration and substantial alteration (see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Dev. Disabilities, 119 AD2d 582), the petitioners failed to allege over concentration in either their original or amended petitions (see, Matter of Talisman Dr. Civic Assn. v Webb, 138 AD2d 610).

In light of our determination we need not reach the remaining issues raised by the parties. Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.