In the Matter of HUNTER'S CROSSING NEIGHBORHOOD ASSOCIATION et al., Petitioners, v THOMAS A. MAUL, as Com-

missioner of New York State Office of Mental Retardation and Developmental Disabilities, Respondent. [700 NYS2d 629] —Petition unanimously dismissed without costs. Memorandum: Petitioners commenced this CPLR article 78 proceeding challenging respondent's determination, after a hearing, that 80 Kentucky Crossing in the Town of Greece (Town) is more suitable for a group home than alternative sites proposed by the Town (*see*, Mental Hygiene Law § 41.34). Before transferring the proceeding to us pursuant to CPLR 7804 (g), Supreme Court denied respondent's objection in point of law and determined that petitioners have standing. We conclude, however, that petitioners lack standing. We reject petitioners' contention that, because respondent failed to appeal the interlocutory order denying the objection in point of law, that order became the law of the case (*see*, CPLR 7804 [g]; *Matter of Desmone v Blum*, 99 AD2d 170, 177; *see also*, *Schmitt v Perales*, 187 AD2d 1041). Petitioners contend that they have standing to bring this proceeding because they are both homeowners residing near the proposed site and the civic organization that represents them. They do not contend, however, that "the nature and character of [the] area will be substantially altered by the establishment of the proposed facility" (*Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 240-241) and thus that they will be injured by the establishment of the proposed facility (*see*, *Matter of Bartnik v Maul*, 223 AD2d 541, 542, *lv denied* 87 NY2d 811; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Dev. Disabilities*, 119 AD2d 582, 583-584; *see also*, *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773; *cf.*, *Matter of Talisman Dr. Civic Assn. v Webb*, 138 AD2d 610; *Grasmere Homeowners' Assn. v Introne*, 84 AD2d 778). The issue of suitability is properly raised by a municipality (*see, e.g.*, *Matter of Town of Cheektowaga v Howe*, 206 AD2d 948; *Matter of Town of DeWitt v Surles* [appeal No. 4], 187 AD2d 969; *Matter of Town of Gates v State of N. Y. Off. of Mental Retardation & Dev. Disabilities*, 143 AD2d 517). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Frazee, J.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.