■ In the Matter of TOWN OF GREENBURGH, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the State of New York Office of Mental Retardation and Development Disabilities, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the State of New York Office of Mental Retardation and Developmental Disabilities, dated February 16, 1979, which, after a hearing, found that the establishment of a community residence facility at a contested location would be appropriate. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The sole issue to be resolved at a hearing to contest the appropriateness of the establishment of a community residence facility pursuant to section 41.34 of the Mental Hygiene Law is whether "the nature and character of the area in which the facility is to be based would be substantially altered as a result of establishment of the facility" (§ 41.34, subd [b], par [5]). Aside from conclusory allegations by petitioner's residents and officials, no testimony adduced indicated that such alteration would occur. In contrast, respondents' officials stated that in applying the criteria set forth in "Zoning For a New Kind of Family", a publication of the Westchester County Department of Planning, they concluded that the proposed facility was sufficiently isolated from other facilities so as to avoid undue concentration and the resulting neighborhood change. Substantial evidence supported the commissioner's determination. Although the decision was terse, we conclude that it was adequate since there were no facts which would indicate that substantial alteration of the community would occur. Mollen P. J., Titone, O'Connor and Mangano, JJ., concur.

■ In the Matter of ALFRED VETERE, Petitioner, v TOWN OF HEMPSTEAD, Respondent.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Town of Hempstead, dated July 11, 1978 and made after a hearing, which found the petitioner guilty of certain misconduct and dismissed him from his position. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. On the entire record, the determination is supported by substantial evidence and the penalty of dismissal is not so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Lazer, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.