■ In the Matter of LAKE HAWTHORNE HOMEOWNERS ASSOCIATION, INC., et al., Petitioners, v THOMAS A. COUGHLIN, III, as Commissioner of the Office of Mental Retardation and Developmental Disabilities of the State of New York, Respondent. (Matter No. 1.) TOWN OF NORTH SALEM, Petitioner, and LAKE HAWTHORNE HOMEOWNERS ASSOCIATION, INC., et al., Intervenors, v STATE OF NEW YORK, OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES et al., Respondents. (Matter No. 2.) LAKE HAWTHORNE HOME-OWNERS ASSOCIATION, INC., et al., Respondents, v HUGH CAREY, as Governor of the State of New York, et al., Appellants, et al., Defendants. (Matter No. 3.)—Consolidated proceedings (above-captioned Matters Nos. 1 and 2) pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the State Office of Mental Retardation and Developmental Disabilities, dated January 10, 1979, which, after a hearing, found that the establishment of a community residence facility at a contested location would be appropriate. Appeal (in above-captioned Matter No. 3) from an order of the Supreme Court, Westchester County, dated August 1, 1979, which preliminarily enjoined the establishment or operation of said community residence facility. This appeal brings up for review so much of a further order of the same court, dated January 16, 1980, as, upon reargument, adhered to the original decision. Determination confirmed and proceedings (Matters Nos. 1 and 2) dismissed on the merits, without costs or disbursements. Appeal from the order dated August 1, 1979 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated January 16, 1980 reversed insofar as reviewed, on the law, without costs or disbursements, order dated August 1, 1979 vacated and motion for a preliminary injunction denied. The determination of the commissioner is supported by substantial evidence in the record (see *Matter of Town of Greenburgh v Coughlin,* 73 AD2d 672). It follows that the order preliminarily enjoining the operation of the community residence in question must be reversed. Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.