■ TOWN OF DEWITT, Appellant, v RICHARD C. SURLES, as Commissioner of the Office of Mental Health, et al., Respondents. (Appeal No. 3.)—Order unanimously affirmed without costs. Memorandum: The court did not err in refusing to stay the hearing. There was no point in postponing the hearing to require the State to comply with the Town's patently irrelevant FOIL requests (see, Matter of Hutchings Psychiatric Ctr. [appeal No. 2], 187 AD2d 969 [decided herewith]). Similarly, there was no point in delaying the hearing to compel the State to promulgate and distribute rules to govern the hearing. In our view, the hearing required by Mental Hygiene Law § 41.34 is not an "adjudicatory proceeding" as defined by State Administrative Procedure Act § 102 (3) and § 301 (3). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Stay.) Present—Denman, P. J., Green, Balio and Davis, JJ.

■ In the Matter of TOWN OF DEWITT, Petitioner, v RICHARD C. SURLES, as Commissioner of the Office of Mental

Health, et al., Respondents. (Appeal No. 4.)—Determination unanimously confirmed without costs and petition dismissed. Memorandum: The Commissioner's determination should be confirmed. On the issue of "need", the State demonstrated that establishment of the community residence was necessary to accommodate a long list of mental patients awaiting community placement. On the issue of "overconcentration", the State demonstrated that, within the Town, there is only one existing community residence (incidentally, one serving mentally retarded individuals, not mental patients), within a 1.6 mile radius. Therefore, we conclude that the Commissioner's determination was supported by substantial evidence.

With respect to the Town's remaining procedural and substantive challenges, we conclude that approval of a community residence is proper even in anticipation of funding. Notwithstanding the State's failure to disclose, in its second notice, the existence of three group homes in the adjacent City of Syracuse, the record conclusively establishes that the Town had long since acquired knowledge of the nearest two Syracuse facilities as a result of its own investigation during the first site-selection process. Moreover, during the second site-selection process, the Town evinced its awareness of those Syracuse facilities by making discovery and FOIL requests concerning them. Additionally, at the hearing culminating the second site-selection process, evidence was adduced concerning all three Syracuse facilities in question. Thus, the Town can demonstrate no prejudice to its ability to prepare for the hearing, and the notice function was fully served notwithstanding the defect in the second notice. The State fully considered the Town's proposed alternative sites and properly rejected them as unacceptable either because those properties were not for sale or because they were too small to accommodate 10 adults. We reject the Town's contention that the hearing officer was biased. We have addressed the Town's remaining contentions in the accompanying appeals (see, Town of DeWitt v Surles [appeal No. 1], 187 AD2d 968 [decided herewith]; Matter of Hutchings Psychiatric Ctr. [appeal No. 2], 187 AD2d 969 [decided herewith]; Town of DeWitt v Surles [appeal No. 3], 187 AD2d 969 [decided herewith]). (Article 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Stone, J.) Present—Denman, P. J., Green, Balio and Davis, JJ.