■ In the Matter of Town of Hempstead, Petitioner, v Commissioner of the State of New York Office of Mental Health et al., Respondents. [606 NYS2d 756] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the State of New York Office of Mental Health dated December 28, 1990, which, after a hearing, found that the respondents may proceed with the establishment of a community residence facility at a specified location in the Town of Hempstead.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs.

The Commissioner's determination was supported by substantial evidence and was not arbitrary and capricious. In assessing the need for the facility within the municipality, the Commissioner properly considered the need within Nassau County and was not required to look only to the need of the town or the particular area (see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health, 191 AD2d 572).

Furthermore, the petitioner failed to meet its burden of adducing clear and convincing proof that the establishment of this facility would result in an overconcentration of the same or similar facilities so as to substantially alter the nature and

character of the area *(see,* Mental Hygiene Law § 41.34 [c] [5]; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health, supra; Matter of Town of Oyster Bay v Surles,* 189 AD2d 767). The Commissioner properly excluded various facilities such as nursing homes, a correctional facility, and hospitals from consideration, since they are not the same or similar type as the proposed facility *(see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Dev. Disabilities,* 121 AD2d 388; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Dev. Disabilities,* 112 AD2d 1042).

The petitioner's remaining contentions are without merit. Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.