■ In the Matter of the VILLAGE OF POMONA, Petitioner, v COMMISSIONER OF THE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES et al., Respondents. [619 NYS2d 286] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Office of Mental Retardation and Developmental Disabilities dated July 23, 1991, which, after a hearing, granted Camp Venture Inc., permission to establish a community residence for mentally disabled individuals in the Village of Pomona.

Adjudged, that the determination is confirmed and the proceeding is dismissed, on the merits, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

It is well settled that, in order to prevail, a party contesting the establishment of a community residential facility for the disabled must adduce clear and convincing evidence that "the establishment of the facility will result in both an over-concentration of similar facilities in the area and a substantial alteration of the nature and character of the community *(see,* Mental Hygiene Law § 41.34 [c] [5]; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,*

166 AD2d 709)" *(Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 191 AD2d 572, 573). Upon our review of this record we conclude that the petitioner failed to meet that burden *(see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 200 AD2d 675).

We agree with the Supreme Court's determination that the stated policy of the Commissioner of the Office of Mental Retardation and Developmental Disabilities (hereinafter the Commissioner) of deinstitutionalizing mentally disabled persons and integrating them into the general population does not indicate that she is impermissibly biased in favor of the establishment of group facilities. It is the policy of the State of New York to deinstitutionalize those with mental disabilities and the Commissioner's efforts to implement this policy should not, without more, preclude her from performing her decision-making function *(see, Crane Neck Assn. v New York City/Long Is. County Servs. Group,* 61 NY2d 154, *cert denied* 469 US 804; *Matter of City of Beacon v Surles,* 161 AD2d 945, 946).

Given that the Commissioner's determination is supported by substantial evidence, that determination is confirmed and the proceeding is dismissed. Bracken, J. P., Miller, Lawrence and Santucci, JJ., concur.