■ In the Matter of VILLAGE OF MAMARONECK, Appellant, v RICHARD BARNUM et al., Respondents. [642 NYS2d 40] —In a proceeding pursuant to CPLR article 78 to enjoin the holding of a hearing pursuant to Mental Hygiene Law § 41.34 (c) (5) on a proposal by the respondent Westchester Jewish Community Services to establish a community residence for mentally retarded/developmentally disabled individuals, the petitioner appeals from a judgment of the Supreme Court, Westchester County (La Cava, J.), entered April 11, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

A hearing pursuant to Mental Hygiene Law § 41.34 (c) (5) is not an "adjudicatory proceeding" as defined by State Administrative Procedure Act § 102 (3). State Administrative Procedure Act § 102 (3) and § 301 (3) define an adjudicatory proceeding as "any activity * * * before an agency * * * in which a determination of the legal rights * * * of named parties thereto is required by law to be made only on a record". There is no requirement in the Mental Hygiene Law that the hearing pursuant to Mental Hygiene Law § 41.34 (c) (5) be conducted only on a record. Thus, the petitioner was not entitled to enjoin the holding of such a hearing pending the promulgation of rules governing such hearings by the respondent New York

State Office of Mental Retardation and Developmental Disabilities (*see, Town of DeWitt v Surles,* 187 AD2d 969). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.