■ In the Matter of TOWN OF MOUNT PLEASANT, Petitioner, and TOWN OF SOMERS, Appellant, v SUZANNE PERRY et al., Respondents, et al., Respondent. [651 NYS2d 533] —In a proceeding pursuant to CPLR article 78 to prohibit the respondents from holding a hearing pursuant to Mental Hygiene Law § 41.34 (c) (5) on a proposal by the respondent Rehabilitation Support Services to establish a community residence for mentally retarded/developmentally disabled individuals, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Cowhey, J.), entered June 27, 1995, which, upon reargument, vacated a prior order of the same court dated March 9, 1995, granting the petition, and thereupon denied the petition and dismissed the proceeding.

Ordered that the appeal by the petitioner Town of Mount Pleasant is dismissed as abandoned, without costs or disbursements; and it is further

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The appeal by the petitioner Town of Mount Pleasant must be dismissed as that party has failed to perfect its appeal in accordance with the rules of this Court (see, 22 NYCRR 670.8 [e]).

The appellant Town of Somers seeks to prohibit the holding of a hearing pursuant to Mental Hygiene Law § 41.34 (c) (5) on a proposed community residence for mentally retarded/developmentally disabled individuals, claiming that such a

hearing is an adjudicatory proceeding as defined by the State Administrative Procedure Act for which rules of procedure must first be promulgated. We disagree.

State Administrative Procedure Act § 102 (3) and § 301 (3) defines an adjudicatory proceeding as any activity before an agency in which a determination of the legal rights of named parties thereto is required by law to be made on a record. The agency before which such a proceeding is to be held is required to adopt rules governing the proceeding and to make available to the public and the parties summaries of such rules in plain language *(see,* State Administrative Procedure Act § 301 [3]). However, as a hearing pursuant to Mental Hygiene Law § 41.34 (c) (5) is not required to be conducted on a record it is not an adjudicatory proceeding as defined by the State Administrative Procedure Act § 102 (3) *(see, Matter of Village of Mamaroneck v Barnum,* 226 AD2d 733; *Matter of Town of DeWitt v Surles,* 187 AD2d 969). Therefore the appellant is not entitled to prohibit the holding of such a hearing pending the promulgation of rules by the respondent New York State Office of Mental Health *(see, Matter of Village of Mamaroneck v Barnum,* 226 AD2d 733, *supra; Matter of Town of DeWitt v Surles, supra).* Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.