■ In the Matter of Town of Kent, Petitioner, v Thomas A. Maul as Commissioner of State of New York Office of Mental Retardation and Developmental Disabilitites, et al., Respondents. [692 NYS2d 134] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the State of New York Office of Mental Retardation and Developmental Disabilities, dated December 31, 1997, which, after a hearing, overruled the petitioner's objections to the establishment of a community residential facility at Lot #28, Deer Hill Road, in the Town of Kent, New York.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

While the notice sent by the respondents to the petitioner Town of Kent pursuant to Mental Hygiene Law § 41.34 (c) (1), provided erroneous information as to the existence of other community residential facilities located within the Town, the Town was aware of the existence of the facilities. Moreover, both before the site-selection hearing, and at the hearing, the respondents informed the Town of the errors contained in the notice, and apprised the Town of the existence of all the facilities within the Town which the notice had failed to mention. In light of the foregoing, the Town failed to establish that it was prejudiced in its ability to prepare for the hearing, and the notice function was fully served notwithstanding the defect contained therein (*see, Town of DeWitt v Surles,* 187 AD2d 969, 970; *Matter of Town of Brunswick v Webb,* 145 AD2d 844, 845).

We further find that the Commissioner's determination was supported by substantial evidence. The Town failed to demonstrate that the establishment of the subject community residential facility would result in an overconcentration of the same or similar facilities so as to substantially alter the nature and character of the area (*see, Matter of Jennings v New York State Off. of Mental Health,* 90 NY2d 227; *Matter of Town of*

*Oyster Bay v Maul,* 231 AD2d 580; *Matter of Cedar Grove Civic Homeowners Assn. v Maul,* 225 AD2d 618).

The petitioner's remaining contentions are without merit. Bracken, J. P., O'Brien, Krausman and McGinity, JJ., concur.