■ In the Matter of INCORPORATED VILLAGE OF WESTBURY, Respondent, v THOMAS A. MAUL, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, et al., Appellants. [693 NYS2d 625] —In a proceeding, *inter alia,* pursuant to CPLR article 78 to review a determination after a hearing of Thomas A. Maul, the Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, dated April 7, 1997, allowing a community residential facility to be established in the Village of Westbury, the Commissioner and the Association for the

Help of Retarded Children, Nassau County Chapter, separately appeal, as limited by their briefs, from a judgment of the Supreme Court, Nassau County (Burke, J.), dated January 5, 1998, which, *inter alia*, upon a finding that there were "substantial defects" in the notification process and in not having the hearing witnesses sworn, granted the petition to the extent of annulling the determination dated April 7, 1997.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The Supreme Court found that the Association for the Help of Retarded Children, Nassau County Chapter (hereinafter AHRC), failed to comply with the notice requirements of Mental Health Law § 41.34 (c) (1) in that the notice did not include data compiled pursuant to Social Services Law § 463 or information on community support requirements. This finding cannot be sustained in light of the petitioner's concession acknowledging receipt of the Social Services Law § 463 data. The community support requirements, as provided, sufficiently satisfied the requirements of Mental Health Law § 41.34 (c) (1) (*see, Matter of Town of Stony Point v New York State Off. of Mental Retardation & Dev. Disabilities,* 78 AD2d 858, 859).

The appellants properly assert that no sworn testimony is required at a hearing pursuant to Mental Hygiene Law § 41.34 (*see,* Mental Hygiene Law § 41.34 [c] [5]; State Administrative Procedure Act § 102 [3]; § 301 [3]; *Matter of Town of Mount Pleasant v Perry,* 234 AD2d 306; *Matter of Village of Mamaroneck v Barnum,* 226 AD2d 733). Therefore, the requirement of Uniform Hearing Procedures of the Office of Mental Retardation and Developmental Disabilities part 602 (14 NYCRR 602.1 [a]) that an oath be administered to hearing witnesses, relied upon by the Supreme Court, is not applicable here (*see,* 14 NYCRR 602.1, 602.2; *compare,* Mental Hygiene Law § 16.09, *with* Mental Hygiene Law § 41.34).

"The sole issue to be resolved at a hearing to contest the appropriateness of the establishment of a community residence facility pursuant to section 41.34 of the Mental Hygiene Law is whether 'the nature and character of the area in which the facility is to be based would be substantially altered as a result of establishment of the facility' " (*Matter of Town of Greenburgh v Coughlin,* 73 AD2d 672, quoting Mental Hygiene Law § 41.34 [former (b) (5)]). Upon our review of the instant record, we note that the Village presented no concrete or convincing evidence that the establishment of the proposed six-person residence would result in such a concentration of the same or sim-

ilar facilities that the nature and character of the area would be altered (*see, e.g., Town of Hempstead v Commissioner, State of N. Y. Off. of Mental Retardation & Dev. Disabilities,* 89 AD2d 850). In addition, the concerns raised by the Village regarding, *inter alia,* increased traffic and depreciation of property values were conclusory and unsubstantiated (*see, e.g., Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 170 AD2d 1051). On the other hand, the applicant's evidence showed, among other things, both a need for the home and that the proposed situs was sufficiently isolated from other similar facilities to avoid undue concentration in the relevant geographical area (*see, e.g., Matter of Incorporated Vil. of Westbury v Prevost,* 96 AD2d 1100). Accordingly, the Commissioner's determination that the proposed facility would not substantially alter the nature and character of the area was rational, was supported by the evidence in the record, was not arbitrary and capricious, and was not affected by any error of law (*see, e.g., Matter of Jennings v New York State Off. of Mental Health,* 90 NY2d 227, 239-243; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 200 AD2d 675). Bracken, J. P., O'Brien, Thompson and Friedmann, JJ., concur.